CRAIG D. BLAIR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blair v. Commissioner
Docket No. 12081-88
United States Tax Court
T.C. Memo 1989-454; 1989 Tax Ct. Memo LEXIS 454; 57 T.C.M. (CCH) 1396; T.C.M. (RIA) 89454; August 28, 1989
*454 P failed to file returns for several years. R, based upon Forms 1099 from an employer and a bank, began an examination of P. R attempted to ascertain P's most current address, but because no recent returns had been filed and no records of older returns retained, R utilized the address shown on the Forms 1099. Prior to the mailing of a notice of deficiency, P filed two applications for an extension to file a return for a year subsequent to those under examination. The address shown on the applications was different from the address on the Forms 1099. R did not record the address shown on applications for extension in his computer. A notice of deficiency was sent to P's address as reported by P's employer and bank on the Forms 1099. The Form 3877, certified mailing list, used by respondent to prove that the notice was mailed to petitioner, did not, in all respects, comply with the Domestic Postal Manual requirements, but did contain the Post Office official dated stamp. Subsequently, P filed the later year's return with the same address that had been shown on the applications for extension. P contends: (1) That his "last known address" is the one shown on his applications *455 for an extension to file a later year's return, (2) that respondent failed to prove mailing of the notice in question, and (3) that R did not exercise reasonable care and diligence in ascertaining P's address. Held, the applications for extension of time to file did not specifically indicate an address change and did not constitute notice to respondent of a change of address for purposes of determining P's "last known address." Further held, the Form 3877 was sufficient to assist R in proof of mailing the notice even though the Form 3877 was, to some extent, technically deficient. Further held, R exercised reasonable care and diligence in ascertaining P's "last known address." John Gigounas and Edward B. Simpson, for the petitioners. Sheila Olaksen, for the respondent. *456 GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent contends that petitioner did not file a petition within 90 days. Petitioner counters that respondent failed to prove mailing of the notice of deficiency and/or that the notice was not mailed to petitioner's "last known address." Petitioner does not contend that a petition was timely filed. FINDINGS OF FACT The parties entered into a stipulation of facts, along with attached exhibits, all of which are incorporated by this reference. Petitioner, at the time his petition was filed, resided at 20041 Lorena Road, Castro Valley, California. On December 5, 1983, respondent, by means of certified mail, sent a notice of deficiency concerning petitioner's 1979 and 1980 taxable years to petitioner at 181 N. Harbor Drive, SL 102, Redondo Beach, California 90277. The petition in this case was received and filed on May 31, 1988, more than 1,600 days after the mailing of the notice of deficiency. Between 1974 and 1988 petitioner has resided in several locations and on occasion maintained more than one mailing address. *457 The following chart lists, without consideration of which is or was petitioner's "last known address," the various mailing addresses and residences of petitioner: Source of
Date
Address
Address
1974 to 11/77
P.O. Box 433A
Petitioner's Testimony
St. Paul Road
Rt. 1
Clear Spring, MD
8/18/77
P.O. Box 1255
1976 State Tax Return
206 Robinwood Drive
1979 Form 1099
Hagerstown, MD
11/77 to 10/80
9124D Grayland Drive
Petitioner's Testimony
Knoxville, TN
1978
P.O. Box 1269
Form W-2 (Employer)
Knoxville, TN
1978 and 1979
P.O. Box 87
1977 and 1978 State
Knoxville, TN
Tax Returns
10/80 to 2/83
18952 Felbar Avenue
Petitioner's Testimony
Torrance CA
State Computer
(Father's home)
Extensions to file
1982 Federal return
1982 Federal return
filed 4/84
1980, 1981 and
181 N. Harbor Drive
Forms 1099 (Employer
1982
Slip 102
and Bank)
Redondo Beach, CA
Respondent's Computer
Schedule C, 1982
Federal Income Tax
Return
2/83 to 2/84
415 Herrando Avenue
Petitioner's Testimony
Apt. 221
Hermosa Beach, CA
2/84 to 8/85
1108 Camino Real
Petitioner's Testimony
Apt. 506
Redondo Beach, CA
*458 Petitioner purchased a 36-foot boat, with a bedroom or sleeping quarters, during 1979 and sold it in July 1984. The boat was docked at slip number 102 at 181 North Harbor Drive, Redondo Beach, California. The mailing address at the boat was 181 North Harbor Drive, Slip 102, Redondo Beach, California 90277. From January 1983 through about March or April 1983 the boat was out of water and thereafter moored at King Harbor. Petitioner sometimes used the boat as an office for business purposes. Although petitioner generally avoided using the 181 North Harbor Drive address for mail because of delivery problems, mail was received at that address. The 181 North Harbor Drive address had been provided to petitioner's bank and employer. During 1979 and late into 1980, petitioner lived in Knoxville, Tennessee, and at various times utilized three different mailing addresses in Knoxville. Two of the addresses were Post Office boxes and one a street address. While in Knoxville, petitioner provided his employer and a bank with his 181 North Harbor Drive, Slip 102, Redondo Beach, California, address. Beginning late in 1980, petitioner moved to California and resided in various locations *459 including his boat, his father's home, a friend's apartment, and various other locations in California which are not pertinent to the resolution of the issue in this case. During the early part of 1983 petitioner's 1979 and 1980 taxable years were selected for examination as a result of respondent's nonfiler identification project at the Santa Ana, Orange County, California, office. Apparently based upon the Forms 1099 from petitioner's employer and bank, the 181 North Harbor Drive address was entered in respondent's computer as petitioner's address during the sixth week of 1983. An Information Returns Selection System Transcript for (petitioner's) Tax Year 1979, dated November 10, 1982, which is part of respondent's records, reflects a 1099-DIV from "HAMILTON FUND PERIODIC INVESTMENT PLAN" and an address of "BOX 1255 HAGERSTON MD 21740." An Information Returns Selection System Transcript for (petitioner's) Tax Year 1980, dated September 21, 1982, which is part of respondent's records, reflects two 1099-INT's from "WBDPC UNITED CALIFORNIA BANK" and one 1099-R from petitioner's employer, all three of which reflected the address "181 N HARBOR DR SLIP 102 REDONDO BEACH." An Information *460 Returns Selection System Transcript for (petitioner's) Tax Year 1981, dated March 18, 1983, which is part of respondent's records, reflects a 1099-R from petitioner's employer and the 181 North Harbor Drive address. Generally, the procedures followed by respondent's employees in the Santa Ana nonfiler identification project were as follows: (a) Once a "nonfiler" was identified, they attempted to determine the individual's address. (b) The search for the address included comparison of account transcripts and Forms 1099 and W-2 for matching. The Internal Revenue Service nationwide computer system (ACTRA) was checked to obtain the latest system address. (c) If all data matched, correspondence concerning the examination was sent to the common address. (d) If the correspondence was returned undeliverable, then further inquiry was made concerning the taxpayer's current or proper address. In this case an examination letter would have been sent to petitioner's 181 North Harbor Drive address and respondent's file did not contain an undelivered original, which indicates that the examination letter was not returned as "undeliverable." When a notice of deficiency is returned as "undeliverable, *461 " it is usually retained by stapling it to the inside of a taxpayer's file. In this case the notice of deficiency sent to petitioner was not stapled to or contained in respondent's file. Petitioner filed a Federal income tax return for 1978, which respondent had destroyed prior to the examination under consideration. Petitioner did not file Federal income tax returns for 1979, 1980, or 1981. For 1979 and 1980 respondent prepared "Dummy Returns" for petitioner reflecting the 181 North Harbor Drive address. On April 15, 1983, and July 29, 1983, petitioner and his wife, Janet M. Blair, executed and mailed applications (Forms 4868) to respondent to extend the time within which to file their 1982 joint Federal income tax return. Both applications for an extension reflected the 18952 Felbar Avenue, Torrance, California, address for petitioner and his wife. That address was petitioner's father's residence. Neither of the applications for extension contained any reference to or mention of a change of petitioner's address. Respondent, on December 5, 1983, mailed the notice of deficiency for petitioner's 1979 and 1980 taxable years to the 181 North Harbor Drive address. Thereafter on *462 April 23, 1984, respondent's Fresno Service Center received petitioner's and his wife's 1982 joint Federal income tax return which, on the front page, reflected the 18952 Felbar Avenue address. A Schedule C, attached to petitioner's 1982 return, reflected self-employment business activity and listed the 181 North Harbor Drive address for the business. The Postal Service Form 3877 used by respondent to mail and prove mailing of petitioner's notice of deficiency in this case reflects receipt by the Post Office for delivery on December 5, 1983, of the notice of deficiency. The form contains an irregularity in that there are no initials or signature in the box entitled "POSTMASTER, PER (Name of receiving employee)," which usually contains written acknowledgment. The Post Office's Domestic Mail Manual requires endorsement on a bulk mailing form by the post office employee. The box adjoining the "POSTMASTER, PER" box is entitled "Total Number of Pieces Received at Post Office" and contains the following handwriting: "LE 2." The box containing "LE 2" is preceded by a box entitled "Total Number of Pieces Listed by Sender" and contains the following handwriting: "T.D.B. 2." The 181 North *463 Harbor Drive address was the only one in respondent's computer. When a taxpayer's address is updated in respondent's computer, the old address is removed from the computer system. An address in respondent's computer system is updated or changed: If a taxpayer files a later return with a different address; if a taxpayer specifically notifies respondent of a new address; or if information is received from the Postmaster of a new address for a taxpayer. Applications to extend the time within which to file a return are noted in respondent's computer system. The address shown on the applications for an extension were not recorded in respondent's computer. Respondent did not retain applications for extension. OPINION The specific question we must answer in the setting of this case is whether respondent exercised reasonable care and diligence in ascertaining, and mailing the notice of deficiency to, the correct (or last known) address. We must also address the basic question of whether respondent mailed a notice of deficiency to petitioner. Proof of Mailing of Notice of Deficiency
Petitioner argues that because the Form 3877, certified mailing list, was not endorsed in accord *464 with the Domestic Postal Manual requirement, the Form 3877 does not establish that the notice of deficiency was mailed. As a reflection of its quality, we afford little time to petitioner's argument. The Form 3877 and the letter containing petitioner's notice of deficiency were accepted by the Post Office as plainly evidenced by the United States Post Office circular mark containing the name of the Post Office facility and date. See , modifying . Further, the technicality cited by petitioner is nothing more than the postal employee's placement of his initials in the wrong box, rather than a failure to acknowledge receipt of the certified mail. It should be noted that the official Post Office stamp, which includes a date, appears on the Form 3877. Although some of the markings on the Form 3877 may not fully comport with United States Post Office internal requirements, it is clear from the face of the Form 3877 that the notice in question was accepted for delivery by the Post Office. Petitioner offers no precedents or support for his position, and we hold that the notice of deficiency *465 was mailed to petitioner on December 5, 1983, at 181 N. Harbor Drive, SL 102, Redondo Beach, CA 90277. With this issue decided, we must consider whether respondent mailed the notice to petitioner's "last known address" within the meaning of section 6212. [1]
"Last Known Address" A taxpayer's "last known address" is "the last known permanent address or legal residence of the taxpayer, or the last known temporary address of a definite duration or period to which all communications during such period should be sent." ; . Respondent has been permitted to treat the address on the return under examination as a taxpayer's last known address, absent "clear and concise notification" of an address change. , *466 affd. without published opinion . When notified of a change of address, respondent must exercise reasonable care and diligence in determining the correct address for mailing of a notice of deficiency. ; ; . In a recent opinion we established and placed a new standard of care and diligence (from our prior opinions) upon respondent with respect to ascertaining a taxpayer's "last known address" for purposes of section 6212. . As noted above, prior to Abeles, we held that the filing of a return more current than the one under examination does not constitute sufficient notification of change of address so as to change a taxpayer's "last known address." ; . Our pre-Abeles holdings were premised on the understanding that respondent, due to computer *467 limitations, was unable to search, under certain conditions, a more current address than the one reflected on the return under examination. . Later computer information reflecting more current addresses for taxpayers is now available to respondent's agents. . After considering the above background we held: For purposes of determining whether a notice of deficiency has been properly mailed to the taxpayer's last known address, we now hold that a taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address. For these purposes, however, we hold that a taxpayer's "most recently filed return" is that return which has been properly processed by an IRS service center such that the address appearing on such return was available to respondent's agent when that agent prepared to send a notice of deficiency in connection with an examination *468 of a previously filed return. Further, we hold that the address from the more recently filed return is available to the agent issuing a notice of deficiency with respect to a previously filed return, if such address could be obtained by a computer generation of an IRS computer transcript using the taxpayer's TIN in the case of a separately filed return, or both taxpayers' TINs in the case of a previously filed joint return. In so holding, we are merely reiterating our position that what is of significance is what respondent knew at the time the statutory notice was issued ( ), and attributing to respondent information which respondent knows, or should know, with respect to a taxpayer's last known address, through the use of its computer system. [Fn. ref. omitted; .] Petitioner asks us to apply our Abeles opinion favorably to him. Initially, we note that the facts in this case vary in two significant respects from the facts in Abeles: (1) Petitioner here failed to file returns for the taxable years under examination and (2) petitioner's *469 1982 return (the first return filed for a year following those under examination) was not filed until after respondent mailed the notice of deficiency to petitioner. The only documents from which respondent could have obtained an address different from the 181 North Harbor Drive, Slip 102, Redondo Beach, California, address were the two applications for extension of time within which to file petitioner's 1982 return. These applications were sent to respondent and apparently returned to petitioner prior to respondent's issuance of the notice of deficiency for the years under examination. Respondent, however, did not record the address shown on an application for extension of time within which to file a return in his computer system. Such documents are usually returned to taxpayers and may be attached to the return which may eventually be filed. Although this Court has adopted a rule which would, under appropriate circumstances, charge respondent with knowledge of a new address which is entered into the computer based upon a subsequently filed return, we cannot make that finding in this case. Here, petitioner did not file his 1982 return until after the mailing of the notice of *470 deficiency. Additionally, we note that petitioner's 1982 return had the 18952 Felbar Avenue address on the face or front page, but had the 181 North Harbor Drive address on the Schedule C, presumably to reflect petitioner's business address. We also point out that it is difficult to develop sympathy for petitioner's position because of the confusion and uncertainty connected with his address(es). Not only was petitioner relatively transient, but his failure to file returns placed respondent in the difficult, if not impossible, position of seeking out petitioner's "last known address." By providing his employer and bank (likely the only entities which would submit information about petitioner to respondent) with the 181 North Harbor Drive address and failing to file, petitioner has created the confusion that has led to the controversy in this case. Finally, we consider petitioner's position that the addresses (18952 Felbar Avenue) on the Forms 4868 (applications to extend time within which to file) served as notification of a change of or new address. In a 1964 case we held that a letter received by respondent 43 days before issuance of a notice of deficiency, requesting an extension *471 of time to file a return and specifically advising of a change of address put respondent on notice of a new "last known address." . In a 1985 case we considered the effect that an application for extension of time within which to file without any specific reference to address change may have had upon taxpayer's "last known address." In the circumstances of that case it was held that it did not put respondent on notice of an address change. . More recently, we also held that a Form 4868 application for an extension of time to file, which does not specifically indicate an address change, does not constitute notice to respondent of a change of address for purposes of determining taxpayer's "last known address." . Our holding in Abeles does not change the holdings in any of the three memorandum opinions which directly or indirectly addressed the effect that a request or application for an extension of time within *472 which to file might have upon the concept of "last known address." In Abeles we held that the -- last known address is that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address * * * [and] the address from the more recently filed return is available to the agent * * * if such address could be obtained by a computer generation of an IRS computer * * *. [.] Because respondent did not record the addresses from the applications for extension of time to file in his records or computer, there would have been no way for respondent's agent who prepared or mailed the notice of deficiency to become aware of the address reflected on the application. In a recent opinion, we made the factual determination that, under the facts of that case, Forms 4868 and 2688 did not constitute notification of a taxpayer's address. Monge v. Commissioner, 93 T.C. , (July 12, 1989) (slip opinion pp. 15-16). In this case, the applications for extension to file returns did not, by themselves, constitute clear and concise notification *473 of a new address for purposes of the concept of "last known address." Further, we hold that respondent exercised reasonable care and diligence in this case in attempting to ascertain petitioner's "last known address." See ; ; . To reflect the foregoing, respondent's motion to dismiss will be granted. An appropriate order will be entered. Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended and in effect at the time of the issuance of the notice of deficiency (December 5, 1983).↩