CRAIG D. BLAIR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blair v. Commissioner
Docket No. 12081-88
United States Tax Court
T.C. Memo 1989-584; 1989 Tax Ct. Memo LEXIS 583; 58 T.C.M. (CCH) 540; T.C.M. (RIA) 89584; October 30, 1989
*583 John Gigounas and Edward B. Simpson, for the petitioner. Sheila Olaksen, for the respondent. GERBER
MEMORANDUM OPINION GERBER, Judge: Petitioner moved for reconsideration of our opinion, filed August 28, 1989 (T.C. Memo. 1989-454). In that opinion we decided that respondent had mailed a notice of deficiency to petitioner's "last known address," that the petition was untimely, and that the case should be dismissed for lack of jurisdiction. In his motion for reconsideration, petitioner argues that respondent was not held to the proper standard of care and diligence regarding petitioner's "last known address." Petitioner contends that the proper standard was either established or expressed in King v. Commissioner, 857 F.2d 676 (9th Cir. 1988), affg. 88 T.C. 1042 (1987). We note that petitioner's case would be appealable to the Court of Appeals for the Ninth Circuit. To place petitioner's motion in proper perspective, we summarize, to the extent pertinent, the findings of our Memorandum Findings of Fact and Opinion. Petitioner had failed to file returns for 1979 and 1980, and respondent, early in 1983, selected petitioner *584 for examination as part of a nonfiler identification program. Petitioner had filed a 1978 Federal income tax return, but respondent's records show that the 1978 return had been destroyed. [1] Respondent's agents attempted to ascertain petitioner's most current address. No recent returns had been filed and no record of older returns retained. Accordingly, respondent's agents utilized the address reflected upon Forms 1099 for 1979 and 1980 which had been received from payors who presumably had received a mailing address from petitioner. That same address had also been provided by petitioner to his employer and used by petitioner for other purposes. Petitioner, however, had resided at and used other addresses during the period in question and was rather transient between 1974 and 1985. *585 Petitioner, in his motion for reconsideration, argues that the address on his 1978 return (the year preceding the 1979 and 1980 years under examination for failure to file) was petitioner's "last known address" as a matter of law. Petitioner argues that a standard was established or expressed by the following quote from King v. Commissioner, 857 F.2d at 680: By establishing a presumption that the taxpayer's "last known address" is the address on his/her most recent return, we provide a clear starting point for the IRS' determination. A notice of deficiency mailed to that address will be sufficient, unless the taxpayer subsequently communicates "clear and concise" notice of a change of address. Petitioner argues that respondent was obligated to use the address on the 1978 return as the last known address even though: (1) That address may not have been available to respondent; (2) it was not the current address of petitioner; and (3) respondent had sought out and discovered a more current address for petitioner. We think petitioner has misinterpreted the meaning of the above-quoted statement. In the context of King v. Commissioner, supra *586 (and the cases cited therein), establishing the last filed return as a benchmark for petitioner's "last known address," there is an obvious premise that, for the taxable year under examination, petitioner had provided an address on the return under examination. The addresses from later year returns (post-examination years) are the ones which the standard requires respondent to use as a "clear starting point." It is ludicrous to even suggest that the Court of Appeals for the Ninth Circuit intended to create or express a standard which would force respondent to seek out or be bound to use older, likely outdated, addresses as a benchmark or standard for "last known address." To so interpret the standard would likely insure that taxpayers would not receive respondent's notice of deficiency. Petitioner has supplied no case support for his interpretation of the language from King v. Commissioner, supra.Moreover, his interpretation does not comport with the facts of that case. In that case the Commissioner was charged with the use of an address on a later filed return so as to produce a more current "last known address." We note that the address alleged by petitioner *587 to have been placed on his 1978 Federal income tax return was not a current address at the time of the mailing of the notice of deficiency. Petitioner testified that the address on the 1978 return was a post office box in Tennessee. At the time of the mailing of the notice of deficiency, petitioner's current addresses were located in California. Moreover the address used by respondent was an active address being used for some purposes by petitioner. Petitioner is attempting to convolute the standard to reach a contrived result in this case. In essence, petitioner argues that if respondent had used an older and incorrect address, even though in possession of a more current and possibly workable address, he would have met the standard. Petitioner's argument is goal-oriented and nonsensical. The standard expressed by the Court of Appeals for the Ninth Circuit was obviously intended to provide a more current address for taxpayers to better insure receipt of statutorily significant tax determinations contained in respondent's notices of deficiency. If accepted, petitioner's argument would result in success for him in this case, but the standard would work to the disadvantage of *588 most other taxpayers because it is less likely that older addresses will result in delivery. We, of course, do not here state that receipt of the notice of deficiency is a requirement, but it is certainly congressionally and judicially intended. To reflect the foregoing, Petitioner's motion for reconsideration will be denied. Footnotes
1. The parties had stipulated as follows: "Petitioner filed a Federal income tax return in [sic] 1978. Respondent's records show that the tax return has since been destroyed." Implicitly, the evidence in this case reflects that the address on the 1978 return was not utilized and likely not available to respondent in 1983. The record is silent, however, as to when respondent destroyed the 1978 return. We note, however, that the address petitioner testified had been placed on the 1978 Federal income tax return was not his current address during the time (1983) respondent's agents were examining petitioner's 1979 and 1980 taxable years.↩