WILLIAM L. KING AND DARLENE E. KING, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 40396-84.        Filed April 23, 1987.

*C.M. Meadows, Jr.,* and *W.R. Cousins III,* for the petitioners.

*Jayne M. Wessels,* for the respondent.

JACOBS, *Judge:* Respondent determined deficiencies in petitioners' Federal income tax and an addition to the tax as follows:

| Year | Deficiency | Sec. 6653(a)[1] |
|------|------------|-----------------|
| 1978 | $95,533.92 | $4,776.70 |
| 1979 | 107,465.94 | 5,373.30 |

---

[1]All section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue.

The matters presently before us are the parties' cross-motions to dismiss for lack of jurisdiction. Petitioners' motion is premised upon respondent's alleged failure to mail the notice of deficiency to petitioners' last known address in accordance with section 6212(b)(1). Respondent asserts that the Court lacks jurisdiction because petitioners did not timely file their petition as required by section 6213(a).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference.

Petitioners William L. and Darlene King, husband and wife, resided in Paradise Valley, Arizona, when they filed the petition in this case. Thus, an appeal of this case would lie with the Court of Appeals for the Ninth Circuit.

Petitioners timely filed their Federal income tax returns for 1978 and 1979 with the Internal Revenue Service Center in Austin, Texas (Austin Service Center).[2] At the time the returns were filed, petitioners resided at 7140 Mossvine Drive, Dallas, Texas (the Mossvine Drive address).

In May 1980, petitioners' 1978 and 1979 returns were selected for examination by the Dallas District Director's Office.[3] For each of those 2 years, petitioners executed separate powers of attorney, appointing T.J. Kreatschman, C.P.A. (Kreatschman) as their representative; both documents reflected the Mossvine Drive address as petitioners' address.

In October 1980, petitioners moved from Mossvine Drive to 17223 Club Hill Drive, Dallas, Texas (the Club Hill Drive address). On November 4, 1980, petitioners executed another power of attorney for 1978 and 1979, appointing Charles R. Billings (Billings), an attorney, as their representative (in addition to Kreatschman). This power of attorney erroneously stated the Mossvine Drive address to be petitioners' then current address. Kreatschman and respondent's examining agent, Jerrie Hughes (Hughes), agreed to

---

[2] The Federal income tax returns for 1978 and 1979 were filed on Apr. 15, 1979, and Apr. 15, 1980, respectively.

[3] The examination was expanded to include the 1978 and 1979 consolidated returns of King Management Corp. and subsidiaries.

certain adjustments, involving minor dollar amounts, to petitioners' 1978 and 1979 taxes; Kreatschman and Hughes agreed to attempt to subsequently resolve the remaining adjustments which involved substantial amounts. The agreement was reflected in Form 4549 (Income Tax Examination Changes) which was signed by Hughes on February 10, 1981, and by Kreatschman on February 26, 1981. Form 4549 showed petitioners' address to be the Mossvine Drive address.

Petitioners first used their Club Hill Drive address in correspondence with the Internal Revenue Service on April 13, 1981, when petitioners requested an extension of time for filing their 1980 return. The extension was granted, and on June 15, 1981, petitioners' 1980 return was timely filed. Both the application to extend the time for filing and the 1980 return were filed with the Austin Service Center. On several occasions thereafter, the Austin Service Center corresponded with petitioners with respect to their 1978, 1979, and 1980 taxes; all such correspondence was addressed to the Club Hill Drive address. Such correspondence included a correction notice with respect to 1980, dated July 20, 1981, and two statements of adjustment for 1978 and 1979, both dated December 7, 1981.

On August 17, 1981, the Dallas District Director sent petitioners a 30-day letter proposing adjustments for 1978 and 1979 other than as reflected in the previously executed Form 4549. The 30-day letter was sent to petitioners' Mossvine Drive address; it was subsequently forwarded to petitioners' Club Hill Drive address.

On September 17, 1981, Billings, on behalf of petitioners, responded in writing to the 30-day letter. In this letter, Billings protested the proposed adjustments set forth in the 30-day letter. The letter erroneously stated petitioners' address to be the Mossvine Drive address. Several weeks after the protest letter was filed, Billings received a phone call from petitioner William King's secretary informing him that petitioners no longer resided at the Mossvine Drive address, but Billings did not communicate the change in petitioners' address to respondent. The matter was referred to respondent's Appeals Office in Dallas for handling. The

appeals officer assigned to this matter was Lawrence Dwyer (Dwyer).

The matter giving rise to the proposed adjustments set forth in the 30-day letter related to straddle transactions involving Government securities. Petitioners engaged in these straddle transactions through First Western Government Securities[4] (First Western), and they were but two of many taxpayers who claimed losses from this type of transaction. Respondent considered these transactions as constituting an abusive tax shelter and adopted a nationwide policy of disallowing all losses claimed in transactions with First Western. Because of respondent's unified position, Dwyer and Billings did not meet for negotiation. Rather, Dwyer prepared (in December 1981) a notice of deficiency which was issued on February 19, 1982. The notice of deficiency was sent by certified mail to petitioners at the Mossvine Drive address, with copies to Kreatschman and Billings.

For convenience, we summarize in the following chart the addresses used in documents and correspondence between respondent and petitioners up to and including the date of issuance of the notice of deficiency:

| Type of document or correspondence | Date | Listed address | Respondent's office from which document originated or was mailed |
|---|---|---|---|
| 1978 Return | Apr. 15, 1979 | Mossvine | Austin[1] |
| 1979 Return | Apr. 15, 1980 | Mossvine | Austin |
| Power of attorney (Kreatschman for 1978) | May 14, 1980 | Mossvine | Dallas [2] |
| Power of attorney (Kreatschman for 1979) | Sept. 18, 1980 | Mossvine | Dallas |

PETITIONERS MOVE TO CLUB HILL - Oct. 1, 1980

| | | | |
|---|---|---|---|
| Power of attorney (Billings for 1978 and 1979) | Nov. 4, 1980 | Mossvine | Dallas |
| Form 4549 (for 1978 and 1979) | Feb. 26, 1981 | Mossvine | Dallas |
| Application for extension of time to file 1980 return | Apr. 13, 1981 | Club Hill | Austin |
| 1980 Return | June 15, 1981 | Club Hill | Austin |
| Correction notice (for 1980) | July 20, 1981 | Club Hill | Austin |

---

[4]Presently pending in this Court is a test case involving the activities of First Western Government Securities, Inc., *Thomas L. Freytag and Sharon N. Freytag, et al. v. Commissioner of Internal Revenue*, docket No. 4934-82, et al.

| Type of document or correspondence | Date | Listed address | Respondent's office from which document originated or was mailed[2] |
|---|---|---|---|
| 30-Day letter (for 1978 and 1979) | Aug. 17, 1981 | Mossvine | Dallas |
| Protest | Sept. 17, 1981 | Mossvine | Dallas |
| Statements of adjustment (for 1978 & 1979) | Dec. 7, 1981 | Club Hill | Austin |
| Notice of deficiency | Feb. 19, 1982 | Mossvine | Dallas |

[1]Austin Service Center
[2]Dallas District Director's Office

The notice of deficiency was returned as undeliverable in March 1982. When the notice was returned, Dwyer and a colleague reviewed the administrative file to determine whether the notice was sent to the correct address.[5] Satisfied that it had been sent to the correct address, Dwyer did nothing further.

Kreatschman testified that he did not receive a copy of the notice of deficiency; however, his copy was not returned to respondent as undeliverable. Billings, on the other hand, testified that he received a copy of the notice of deficiency, but because at the time the notice was received petitioners had retained another attorney, he placed it in petitioners' closed file without contacting them.

On July 15, 1982, respondent assessed deficiencies (as set forth in the February 19, 1982, notice of deficiency) for 1978 and 1979 and thereafter commenced efforts to collect those deficiencies. It was at this point in time that petitioners first learned of the 1978 and 1979 deficiencies. Petitioners sought to enjoin collection of the assessed deficiencies by instituting suit in the U.S. District Court for the Northern District of Texas. That suit was eventually dismissed, without prejudice, and petitioners thereafter filed a petition in this Court.

Petitioner William King appears frequently on television commercials in the Dallas area, advertising the automobile repair services of his company, Bill King's Brake-O, Inc.[6] Dwyer testifed that he is familiar with such commercials.[7]

[5]See note 7.

[6]William King is the president of Bill King's Brake-O, Inc., a subsidiary of King Management Corp.

[7]There are copies of documents in respondent's administrative file pertaining to petitioners' 1978 and 1979 returns reflecting documents from third parties addressed to petitioner William King at Bill King's Brake-O, Inc.'s executive offices in Addison, Texas, as well as at the Mossvine Drive (Dallas, Texas) address.

Petitioners contend that the Austin Service Center was aware of their correct mailing address prior to the issuance of the notice of deficiency. Had respondent exercised reasonable care and diligence, contend petitioners, respondent would have sent the notice to their correct address. Petitioners argue that respondent's failure to mail the notice of deficiency to petitioners' last known address renders the notice defective and makes the assessments with respect thereto (for years 1978 and 1979) void.

Respondent contends otherwise. He argues that the notice of deficiency was mailed to the address last known to the Dallas District Director's Office. Respondent claims that despite numerous contacts between petitioners' representative and Internal Revenue Service personnel with respect to petitioners' 1978 and 1979 returns, petitioners' representatives never advised respondent, orally or in writing, that petitioners had a new address. Respondent argues that because petitioners have an obligation to notify the Internal Revenue Service of any change of address, he is entitled to use the Mossvine Road address as the taxpayer's last known address. Alternatively, respondent contends that assuming arguendo that the July 15, 1982, assessment was invalid, the assessment nevertheless tolled the period of limitations for assessment for 1979 because it was made within 3 years of the filing of the 1979 tax return.

OPINION

Our task is to decide whether we have jurisdiction to determine, on the merits, petitioners' tax liability for 1978 and 1979. At the outset, we note that we have jurisdiction to determine whether we have jurisdiction. *Pyo v. Commissioner*, 83 T.C. 626, 632 (1984).

We are a court of limited authority; we may exercise jurisdiction only to the extent prescribed by statute and we may not enlarge upon that jurisdiction. *Logan v. Commissioner*, 86 T.C. 1222, 1226 (1986).

The Commissioner is authorized to mail a notice of deficiency by certified or registered mail once he determines there is a deficiency in tax. Sec. 6212(a). The notice of deficiency must be mailed to the taxpayer's last known address. Sec. 6212(b)(1). Once this has occurred, the tax-

payer has the right to file a petition in this Court within 90 days (or 150 days if the notice is addressed outside the United States) for a redetermination of the deficiency. Sec. 6213(a). Thus, a prerequisite to this Court's jurisdiction is the issuance by the Commissioner of a notice of deficiency to the taxpayer at his last known address and the timely filing of a petition for a redetermination of the deficiency.

The term "last known address" is not defined in either the Code or the regulations, but we have defined it as "the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such period." *Brown v. Commissioner*, 78 T.C. 215, 218 (1982). The focus in determining the taxpayer's last known address is on what respondent knew at the time he issued the statutory notice of deficiency and whether, in light of all the surrounding facts and circumstances, he used an address to which he reasonably believed the taxpayer wanted the notice to be sent. *Pyo v. Commissioner, supra* at 633; *Brown v. Commissioner, supra* at 218-219; *Weinroth v. Commissioner*, 74 T.C. 430, 435 (1980); *Alta Sierra Vista v. Commissioner*, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Respondent must exercise due diligence in ascertaining a taxpayer's last known address. *Pyo v. Commissioner, supra.*

Under the principle established in *Golsen v. Commissioner*, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971), we apply the applicable precedents of the Court of Appeals for the Ninth Circuit, to which this case is appealable. In the Ninth Circuit, "A taxpayer's last known address is that on his most recent return, unless the taxpayer communicates to the IRS 'clear and concise' notice of a change of address." *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984), cert. denied 469 U.S. 830 (1984); *Wallin v. Commissioner*, 744 F.2d 674, 676 (9th Cir. 1984); *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir. 1982).

The Ninth Circuit has held that the Commissioner should "avail himself of the facilities of his business organization in the performance of his duty to mail the notice of

deficiency." *Welch v. Schweitzer*, 106 F.2d 885, 887 (9th Cir. 1939). This is particularly so where the return of the notice of deficiency as undeliverable put the IRS on notice that the taxpayer had moved. *Cool Fuel, Inc. v. Connett*, 685 F.2d at 312.

In this case, petitioners' Club Hill Drive address appeared on their 1980 return (which was their most recent return). Respondent contends that the address appearing on petitioners' 1980 return did not put him on notice that petitioners changed their address from Mossvine Drive to Club Hill Drive because the protest letter filed on their behalf was subsequent to the filing of their 1980 return, and the protest letter showed petitioners' address to be Mossvine Drive. Although at first blush this argument is appealing, we reject it. Respondent's agent (Dwyer) should have known that something was amiss when the notice of deficiency was returned as undeliverable. Dwyer had an obligation when the notice was returned as undeliverable, to do more than perform a cursory review of the administrative file upon which he relied in the first instance.[8] He could have contacted either of petitioners' two representatives (Kreatschman or Billings) to determine petitioners' correct address. In addition, Dwyer could have contacted William King (whom Dwyer recognized as a well known television personality) directly at Bill King's Brake-O, his workplace.[9] Further, he could have consulted respondent's computer system that maintains taxpayers' last known address.[10] Anyone of these sources would have revealed petitioners' correct address.

Although petitioners are not blameless, and Billings should have notified Dwyer of petitioners' correct address when he was informed that there was an erroneous address in the protest letter, nevertheless, we believe Dwyer failed to exercise due diligence when the notice of deficiency was

[8]Had Dwyer thoroughly reviewed the administrative file, he would have noticed the copies of documents from third parties addressed to petitioner William King at Bill King's Brake-O, Inc.'s executive offices, as well as at the Mossvine Drive, address.

[9]We recognize that normally it is inappropriate to communicate directly with the taxpayer when counsel is employed, especially at the taxpayer's workplace. However, this is not an inviolate rule, and in this instance, the exigency of the situation demanded otherwise.

[10]The Austin Service Center communicated with petitioners at their Club Hill Drive address subsequent to the filing of the protest. These communications involved the same taxable years as involved herein.

returned in March 1982 as undeliverable. Accordingly, the notice of deficiency was not sent to petitioners last known address and it is therefore invalid.

Respondent concedes that if the notice of deficiency was not sent to petitioners' last known address, the period of limitations on assessment for petitioners' 1978 taxes expired on April 15, 1982. Therefore, he cannot issue a new notice of deficiency for 1978. Respondent contends, however, that the period of limitations for assessment for petitioners' 1979 taxable year would not have expired until April 15, 1983, and therefore even if the July 15, 1982, assessment was improper, it was not a nullity since it was made within the 3-year statute of limitations provided by section 6501. Respondent argues that the July 15, 1982, assessment tolled the period of limitations for assessment and therefore petitioners' 1979 taxes may be assessable if a notice of deficiency for 1979 is issued.

We have already held that no valid notice of deficiency was issued in this case. Since we have jurisdiction only if a valid statutory notice of deficiency is issued and a timely petition is filed, we are without jurisdiction to decide, and we do not decide, whether the July 15, 1982, assessment tolls the period of limitations for assessment for petitioners' 1979 taxable year.

Accordingly, petitioners' motion to dismiss for lack of jurisdiction is granted; respondent's motion to dismiss for lack of jurisdiction is denied.

*An appropriate order will be entered.*