PAUL A. STROUD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stroud v. Commissioner
Docket No. 2879-91
United States Tax Court
T.C. Memo 1992-666; 1992 Tax Ct. Memo LEXIS 791; 64 T.C.M. (CCH) 1332; November 17, 1992, Filed *791 An appropriate order granting petitioner's motion to dismiss and denying respondent's cross-motion will be entered. For petitioner: Elton S. Lipnick. For respondent: Melanie Urban. COLVIN
COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION COLVIN, Judge: This case is before the Court on petitioner's motion to dismiss for lack of jurisdiction and respondent's cross-motion to dismiss for lack of jurisdiction. The sole issue is whether respondent properly mailed the notice of deficiency for 1986 to petitioner's last known address as required by section 6212. We find that respondent did not. Respondent determined an $ 11,560 deficiency in petitioner's 1986 Federal income tax. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Petitioner resided in California when he filed his petition. 1. Petitioner's Addresses in 1986 Through 1988
Petitioner submitted two Forms W-2 in 1986 with his return. Petitioner's address shown on the Forms W-2 is 113 Beck, Harlingen, Texas 78550 (Harlingen I), and P.O. Box 160, McAllen, Texas 78501 (McAllen). Petitioner filed his 1986 and 1987 income *792 tax returns with the Internal Revenue Service Center at Austin, Texas, on May 13, 1987, and July 11, 1988, respectively, showing his address as 601 North Reagan, San Benito, Texas 78586 (San Benito). Petitioner submitted three Forms W-2 with his 1987 return showing the San Benito address (two Forms W-2), and Rt. 3, Box 367-A Harlingen, Texas 78501 (Harlingen II). 2. Petitioner's Harlingen and Plano Addresses in January Through October 1989
On January 24, 1989, petitioner executed a Power of Attorney and Declaration of Representation (Form 2848) appointing Joseph Fletcher (Fletcher) and Elizabeth M. Dietz (Dietz) attorneys in fact to represent him for 1985, 1986, and 1987, and directing that copies of all notices and other written communication be sent to Fletcher. The Form 2848 shows P.O. Box 2894, Harlingen, Texas 78551 (Harlingen III). On July 27, 1989, petitioner filed his 1988 income tax return with the Internal Revenue Service Center at Austin, Texas. Petitioner's address shown on this return is 2301 Pebble Vale, Apt. 122, Plano, Texas 75075 (the Plano address). The 1988 return was petitioner's most recently filed return when respondent mailed the notice of deficiency *793 for 1986. The 1988 Forms W-2, attached to the 1988 return, showed the Harlingen II and III addresses. On August 21, 1989, respondent's agent requested that petitioner and his new wife sign an additional Form 2848 for 1987. Petitioner executed a new Form 2848 on September 11, 1989, reappointing Fletcher and Dietz as attorneys in fact for 1985, 1986, and 1987, and directing that copies of all written communications be sent to Fletcher, Strait, Riddle & Co. Petitioner used the Harlingen III address on this Form 2848. On October 3, 1989, Fletcher executed Form 872, Consent to Extend the Time to Assess Tax, extending the period for assessment of tax for 1986 to September 30, 1990. The address on this form is the Plano address. 3. Respondent's Handling of Petitioner's 1986 and 1987 Years
On October 26, 1989, respondent prepared 30-day letters for 1986 and 1987. Both 30-day letters show the Plano address as petitioner's address. On October 30, 1989, Fletcher received a copy of the 30-day letter for 1987. The 30-day letter for 1986 was returned to respondent as undeliverable. Respondent did not mail additional copies of the 30-day letter for 1986. Originally, respondent's *794 case files for petitioner's 1986 and 1987 years were kept together because the audits were performed together. Respondent's agent wrote on the bottom of an Internal Revenue Service (IRS) special handling notice: "Please keep the 1986 & 1987 case files together. The same issue applies on each year." However, the 1986 case file was sent from the examining agent's group to 30-day review on October 13, 1989, without the 1987 file. The 1987 case file was not with the 1986 file when the notice of deficiency was prepared. Therefore, sometime before the end of October 1989, the 1986 and 1987 case files were separated. A copy of an examination report for 1986 was returned to respondent undeliverable at a date not indicated in the record. 4. December 1989: San Felipe Address
Petitioner leased apartment No. 1807 at 7920 San Felipe Boulevard, Austin, Texas 78729 (the San Felipe address), on or about November 24, 1989. On December 8, 1989, petitioner executed a third Form 2848, designating Elton Lipnick as an additional representative for 1987. The address shown for petitioner on this form is 7920 San Felipe, No. 1807, Austin, Texas 78729. On December 22, 1989, petitioner filed *795 a protest for 1987 with respondent's Austin, Texas, office. The address shown on the protest letter is the San Felipe address. 5. The Notice of Deficiency
To determine petitioner's last known address as of January 23, 1990, respondent examined records and the following four different addresses: (1) P.O. Box 2894, Harlingen, Texas 78551; (2) 601 North Reagan, San Benito, Texas 78586; (3) 2301 Pebble Vale, Apt. 122, Plano, Texas 75075, and (4) 7920 San Felipe 2106, [1]Austin, Texas 78729. Respondent mailed a deficiency notice for 1986 to petitioner at the Plano address on January 23, 1990. It was returned to respondent on February 27, 1990, in an envelope stamped "Address Correction Requested". It was also marked "Return to Sender Unclaimed" with indications of two attempted deliveries. On March 12, 1990, respondent's agent performed a computer search which indicated that petitioner's address was the Plano address. Petitioner filed his petition for 1986 on February 14, 1991. OPINION *796 1. Background
To maintain an action in this Court, there must be a valid notice of deficiency and a timely filed petition. Monge v. Commissioner, 93 T.C. 22, 27 (1989); Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). Under section 6213(a), petitioner has 90 days from the mailing of a valid notice of deficiency to petition this Court for a redetermination of the deficiency determined by respondent. Abeles v. Commissioner, supra at 1026. In this case, petitioner filed his petition on February 14, 1991, more than 1 year after the mailing of the deficiency notice on January 23, 1990. Therefore, if respondent issued a valid notice of deficiency, the petition must be dismissed for lack of jurisdiction as untimely. However, if jurisdiction is lacking because of respondent's failure to issue a valid notice of deficiency, we will dismiss the case on that ground. Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991).
*797 2. Last Known Address
The sole issue for decision is whether respondent properly mailed the notice of deficiency to petitioner's last known address within the meaning of section 6212(b)(1). Section 6212(a) authorizes the Secretary, upon the determination of a deficiency in income tax, to issue a notice of deficiency by certified or registered mail to the taxpayer. A notice of deficiency is valid, regardless of actual receipt by the taxpayer, if mailed to the taxpayer at his last known address. Sec. 6212(b). The phrase "last known address" is not defined by the Code or regulations. A taxpayer's last known address generally is the address to which, in light of the surrounding facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. Abeles v. Commissioner, supra at 1031; Looper v. Commissioner, 73 T.C. 690, 696 (1980). The question of what constitutes a taxpayer's last known address is a factual one which requires a full evaluation of the knowledge possessed by respondent when the notice of deficiency was issued. See Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir. 1982). *798 Petitioner has the burden of proving that the notice of deficiency was not sent to his last known address. Mollet v. Commissioner, 82 T.C. 618, 625 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985). Petitioner contends that his last known address is the San Felipe address. Respondent mailed the notice of deficiency to the Plano address used on petitioner's 1988 return, his most recently filed return. Ordinarily, the Commissioner may treat the address on the taxpayer's most recently filed return as the last known address, absent "clear and concise notification" that a new address be used by the Commissioner for tax matters. Tadros v. Commissioner, 763 F.2d 89, 91 (2d Cir. 1985); Wallin v. Commissioner, 744 F.2d 674, 676 (9th Cir. 1984), revg. T.C. Memo. 1983-52; Monge v. Commissioner, supra at 28; Abeles v. Commissioner, supra at 1035; Pyo v. Commissioner, supra at 636; Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374-375 (1974), *799 affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Petitioner did not clearly communicate that he wanted all tax communications to be sent to the San Felipe rather than the Plano address. After filing his 1988 return using the Plano address, petitioner filed another document with the Plano address, and a Form 2848 and protest for 1987, both with the San Felipe address. He did not state to respondent that the Plano address should no longer be used, or that he wanted all further communication addressed to San Felipe. The filing of the Form 2848 and protest letter for 1987 is not a clear and concise notice to respondent of a change of address, where petitioner has used numerous other addresses in the recent past. See Monge v. Commissioner, supra (Forms 4868 and 2688, extension forms), Mollet v. Commissioner, supra (a Tax Court petition); McCormick v. Commissioner, 55 T.C. 138 (1970) (an informal letter advising the IRS of address change). We do not find that petitioner provided clear and concise notice that he wanted respondent to use the San *800 Felipe address for all tax-related communication. However, as noted by the Court of Appeals for the Ninth Circuit, the circuit to which this case is appealable, we must decide whether respondent should have inquired further. See King v. Commissioner, 857 F.2d 676, 681 n.8 (9th Cir. 1988), affg. 88 T.C. 1042 (1987). 3. Return of Letters to Respondent
Once respondent becomes aware of an address other than the one on a taxpayer's most recently filed return, respondent must exercise reasonable care and due diligence in ascertaining the correct address. Abeles v. Commissioner, 91 T.C. at 1031; Keeton v. Commissioner, 74 T.C. 377, 382 (1980); O'Brien v. Commissioner, 62 T.C. 543, 550 (1974); Alta Sierra Vista, Inc. v. Commissioner, supra. Whether respondent has done so is a question of fact. Pyo v. Commissioner, 83 T.C. at 633. Respondent claims not to have known that the 30-day letter and examination report were returned before the notice of deficiency was sent. *801 Petitioner argues that respondent was on notice that his address was no longer the Plano address because his 30-day letter for 1986 was returned to respondent undeliverable. Petitioner points to a letter from respondent dated December 19, 1990, which states: "The 30 day letter was dated October 26, 1989, but no envelope was attached showing what date it was returned." Respondent's grounds for arguing that the 30-day letter was not returned is that respondent's file did not include a copy of the envelope in which the returned 30-day letter had been sent. We do not view the absence of the envelope in respondent's file to be dispositive as to this fact in light of respondent's letter which referred to a returned 30-day letter. Petitioner points to another letter from respondent about 1986 which states: "The examination report we sent to you was returned to us as undeliverable by the postal service." This letter establishes that the examination report for 1986 was returned to respondent. Respondent presumably has records showing when it was returned. Respondent did not produce any evidence of when the examination report was mailed, to what address it was mailed, or when it was returned. *802 Under the adverse inference rule, International Union (UAW) v. NLRB, 459 F.2d 1329, 1336 (D.C. Cir. 1972); Hoffman v. Commissioner, 298 F.2d 784, 788 (3d Cir. 1962), affg. T.C. Memo. 1960-160, we infer from respondent's failure to produce any evidence concerning the returned examination report that the evidence would show that respondent was on notice that respondent's address for petitioner was in error. This Court has stated: The rule is well established that the failure of a party to introduce evidence within his possession and which, if true, would be favorable to him, gives rise to the presumption that if produced it would be unfavorable. This is especially true where, as here, the party failing to produce the evidence has the burden of proof or the other party to the proceeding has established a prima facie case. [Citations omitted.]
Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947); see Pietanza v. Commissioner, 92 T.C. at 742. *803 Consequently, we conclude that respondent was on notice that petitioner's address might have changed since the filing of the latest return. In Frieling v. Commissioner, 81 T.C. 42, 49 (1983) (Court reviewed), this Court stated: once respondent becomes aware of a change in address, he must exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address. Whether respondent has properly discharged this obligation is a question of fact. McPartlin v. Commissioner, 653 F.2d 1185, 1189 (7th Cir. 1981), revg. an unpublished order of this Court; Weinroth v. Commissioner, supra at 435-436; Alta Sierra Vista, Inc. v. Commissioner, supra at 374.
Whether respondent has exercised reasonable care and diligence must be decided in light of all the facts and circumstances. King v. Commissioner, 857 F.2d 676, 678-679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); McPartlin v. Commissioner, 653 F.2d 1185 (7th Cir. 1981), revg. and remanding an unreported *804 order of this Court. The relevant inquiry is what respondent knew or should have known with respect to the taxpayer's last known address. Monge v. Commissioner, 93 T.C. at 27-28; Abeles v. Commissioner, supra at 1035. Here, respondent received as undeliverable the 30-day letter for 1986 addressed to the Plano address and an examination report for 1986. Respondent made a last known address inquiry and considered the San Felipe, Harlingen, San Benito, and Plano addresses. The record does not indicate how respondent evaluated the four addresses or what steps respondent took to determine petitioner's correct address. Respondent sent the notice of deficiency to the Plano address which respondent had previously used unsuccessfully. There is no evidence of any other attempt by respondent to determine the correct address. In Wallin v. Commissioner, 744 F.2d 674 (9th Cir. 1984), the IRS audited a taxpayer in Alaska. A letter addressed to the taxpayer in Alaska was returned undeliverable. The IRS agent checked with the local post office, Alaska's Department of Motor Vehicles, and examined *805 Alaska's income tax returns in an attempt to locate the taxpayer's correct address, but was unsuccessful. The Court of Appeals for the Ninth Circuit, the circuit to which this case is appealable, held that the IRS's attempts to locate the taxpayer fell short of reasonable diligence. Wallin v. Commissioner, supra at 677. In Mulder v. Commissioner, 855 F.2d 208, 212 (5th Cir. 1988), revg. T.C. Memo. 1987-363, the court said that the IRS should have done more when the IRS received two letters returned as undeliverable. At the very least, the tax preparer should have been contacted. The court noted that the Tax Court imposed a greater burden when it appeared the IRS knew or should have known that the taxpayer had moved, citing as examples King v. Commissioner, 88 T.C. 1042 (1987), affd. 857 F.2d 676 (9th Cir. 1988), Fernandez v. Commissioner, T.C. Memo. 1987-557, and Mulder v. Commissioner, supra at 212. In Fernandez v. Commissioner, supra, *806 we held that agents should have made an inquiry at the hospital, at the motor vehicle agency of the State of permanent residence, and at the taxpayer's place of employment. In King v. Commissioner, 857 F.2d at 681 n.8, the Court noted that if letters sent by the Commissioner to a taxpayer are returned as undeliverable before the deficiency notice is mailed, "the IRS could reasonably be expected to conduct a further inquiry. On this record, we do not find that respondent used due diligence in determining petitioner's correct address. Accordingly, An appropriate order granting petitioner's motion to dismiss and denying respondent's cross-motion will be entered. Footnotes
1. As stipulated.↩