T.C. Memo. 1998-292


UNITED STATES TAX COURT


WALTER J. HOYT, III AND BETTY J. HOYT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12536-97.                    Filed August 10, 1998.


<u>Michael D. Culy</u>, for petitioners.

<u>Alan E. Staines</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


RUWE, <u>Judge</u>:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction.  Respondent bases his motion upon the ground that the petition was not filed within the period prescribed by section 6213(a).[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect during the relevant period, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are: (1) Whether a notice of deficiency was issued and properly mailed to petitioners for the year 1987; and, if so (2) whether respondent had an obligation to remail the notice of deficiency after it was returned.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioners are husband and wife. They filed a joint Federal income tax return for the year 1987. Petitioners resided in Burns, Oregon, at the time the petition was filed in this case. References to petitioner are to Walter J. Hoyt III.

During the relevant period, Joseph Pierce was employed by the Internal Revenue Service (IRS) in Sacramento, California. He was generally responsible in that district for the preparation of notices of deficiency, and he was specifically responsible for the preparation of the notices of deficiency here under consideration. Mr. Pierce was also responsible for the preparation of final notices of partnership administrative adjustment (FPAA's).

Mr. Pierce personally prepared two notices of deficiency addressed to petitioners for the year 1987. Records maintained by respondent and the U.S. Postal Service indicate that notices of deficiency for the year 1987 were sent by certified mail to petitioners on May 3, 1996. One of the notices was addressed to

petitioners at HC 71 Lone Pine Creek Road, Burns, OR 97720; the other was addressed to them at HC 71 Lone Pine Road, Burns, OR 97720.[2]

The post office in Burns, Oregon, received the envelopes containing the notices of deficiency. On May 9, 1996, the Postal Service delivered notification forms to petitioners at the address designated on the envelopes, stating that certified mail from the IRS was being held and could be signed for and picked up at the local post office. After 5 days, a second set of such notices was delivered. Neither notice of deficiency was picked up or received by petitioners. Each notice of deficiency was returned to respondent on or about May 29, 1996. The envelopes containing the notices were stamped "Unclaimed" by the U.S. Postal Service. The originals and copies of the notices of deficiency that were mailed to petitioners on May 3, 1996, were placed in petitioners' administrative file, along with the envelopes in which they had been mailed.

On their Federal income tax return for the period beginning on October 1, 1993, and ending September 30, 1994, which was received by respondent on June 27, 1995, petitioners listed their address as HC 71 Lone Pine Creek Road, Burns, OR 97720. They

---

[2]According to the testimony of the postmaster for Burns, Oregon, any envelope addressed to Burns, Oregon, bearing the name Hoyt and HC 71 would have been delivered to the proper mailbox.

listed the same address on their 1994 Federal income tax return, which was received by respondent on June 11, 1996.

Petitioner served as the tax matters partner in numerous partnerships. As such, he was sent numerous FPAA's, many of which were prepared by Mr. Pierce. During the period from March 25 through May 3, 1996, respondent sent by certified mail at least 10 FPAA's to petitioner in his capacity as a tax matters partner. The FPAA's were addressed to petitioner at various locations and were either claimed or unclaimed and returned to respondent.

## OPINION

We first address petitioners' suggestion that a notice of deficiency for the year 1987 was not issued or sent by certified mail to them on May 3, 1996. Petitioners point out that they, or individuals acting on their behalf, were almost on a daily basis claiming numerous letters mailed to them by respondent during that period. As petitioners view the situation, the fact that neither notice of deficiency was claimed raises questions of whether those notices were actually issued and mailed. Petitioners maintain that they had no reason not to claim any notice of deficiency that might have been issued and mailed to them in May 1996. According to petitioners, if a notice of

deficiency had been issued and mailed, it would have been claimed by them or someone authorized to do so on their behalf.

Petitioners request that we find that neither notice of deficiency was issued and mailed merely because neither was claimed. Petitioners' failure to claim other items sent to them by certified mail during the same period, however, undermines their argument on the point. Furthermore, to accept petitioners' contention would require us to reject not only the testimony of the IRS employee actually responsible for the preparation and mailing of the relevant notices of deficiency, but the testimony of the U.S. Postal Service employee as well.

A review of the records that typically reflect when a notice of deficiency is prepared and mailed to a taxpayer indicates that two notices of deficiency for the year 1987 were mailed to petitioners on May 3, 1996. We reject petitioners' implicit suggestion that respondent and the U.S. Postal Service fabricated records to make it appear that the notices were mailed on May 3, 1996. Accepting petitioners' contention implies some form of conspiracy between respondent and the U.S. Postal Service a proposition that we are unwilling to accept on the basis of the record before us.

We are satisfied from the evidence that on May 3, 1996, two notices of deficiency for the year 1987 were issued and sent by certified mail to petitioners. One of the notices of deficiency

was mailed to an address that is identical to the address petitioners listed on the Federal income tax return they filed most recently before the mailing of the notices of deficiency. The other notice of deficiency was mailed to petitioners at a similar address except the word "Creek" was omitted. Petitioners never provided clear and concise notice to respondent that they wanted to be contacted at a different address. During cross-examination, petitioner testified as follows:

> Q. Okay. Have you ever sent the Internal Revenue Service a notice or requested in any way that they not send notices of deficiency related to your personal tax situation? Have you ever requested they send those notices to any address other than HC 71 Lone Pine Road, Burns, Oregon, 97720?
>
> A. I've never requested they send them to any address so the answer is no.

We are further satisfied that at least one of the notices of deficiency was addressed to petitioners at their last known address (according to the testimony of the U.S. Postal Service employee, both addresses were proper). See King v. Commissioner, 857 F.2d 676 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988).

Petitioners argue that respondent was aware of numerous other addresses used by petitioner as a tax matters partner in various partnerships. According to petitioners, any of these other addresses should be considered their last known address

within the meaning of section 6212, and respondent's failure to mail the notice of deficiency to any of these other addresses renders the notice invalid. We disagree. First of all, the argument has no application to Betty J. Hoyt. There is nothing in the record that suggests respondent was aware of any other address for her during the relevant period. Secondly, we find no authority that supports petitioners' proposition that an address used to contact a tax matters partner in connection with an FPAA would, other than by coincidence, be considered the tax matters partner's last known address for purposes of a notice of deficiency. For a discussion on this point, see Lueck v. Commissioner, T.C. Memo. 1990-334. Furthermore, contrary to petitioners' contention, as we have pointed out previously, a taxpayer can have only one last known address for purposes of section 6212. Abeles v. Commissioner, supra at 1030; Cantu v. Commissioner, T.C. Memo. 1990-354; Lueck v. Commissioner, supra.

Petitioners further argue that respondent's failure to remail the notice of deficiency to the same or different addresses violated respondent's duty of due diligence. Respondent's obligation to exercise due diligence, however, applies to the process of ascertaining a taxpayer's last known address. King v. Commissioner, supra at 679, 681. In this case, as indicated, at least one of the notices of deficiency was addressed to petitioners at their last known address. That being

so, the fact that the notice of deficiency was not received by petitioners is of no consequence. See King v. Commissioner, supra; United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984).

Lastly, petitioners argue that respondent's failure to remail the notice of deficiency violated certain provisions of the Internal Revenue Manual. In this regard, petitioners point out in their brief that respondent is required to mail duplicate original notices of deficiency "where there might be some doubt as to the correctness of the last known address." Respondent apparently did exactly that in this case. Nevertheless, petitioners go on to argue that if "a notice of deficiency is returned to the respondent, IRM 4462.1(5) instructs revenue agents to remail notices of deficiency to the correct addresses." (Emphasis added.) The section of the manual cited by petitioners states:

> (5) If a notice of deficiency is returned to the District Director because of an incorrect address, it will be remailed to the correct address by certified mail; in such cases, the date of remailing is the effective date of the notice.

Returned mail should put the sender on notice that the letter might have been incorrectly addressed. The above-referenced manual provision was no doubt designed to cover those situations and implies that respondent should recheck his records in order to ascertain the taxpayer's correct address. In this case,

however, the notices of deficiency were not returned to respondent because of incorrect addresses. The notices of deficiency were correctly addressed. They were returned because petitioners did not claim either of them. Consequently, the above-referenced manual provision has no application. Because respondent did not violate his own directive, we need not consider whether any such violation would have had any consequences.

Under the circumstances, it would have taken little effort on respondent's part simply to remail the notices of deficiency to the same addresses. Nevertheless, respondent's failure to do so does not invalidate the notices of deficiency. Neither the statute, the relevant cases, nor respondent's internal procedures impose any obligation upon respondent to remail a notice of deficiency that has been properly mailed to a taxpayer but returned unclaimed.

In this case, a notice of deficiency for the year 1987 was issued and sent to petitioners at their last known address by certified mail on May 3, 1996. That being so, under the circumstances, the statutory period for filing a petition with this Court in response to that notice of deficiency expired on August 1, 1996. Sec. 6213(a). The petition in this case was filed on June 16, 1997, which is well beyond the period prescribed for doing so. Consequently, we have no jurisdiction

in this case, and respondent's motion to dismiss for lack of jurisdiction on that ground will be granted.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).

It follows that petitioners' motion to restrain assessment and collection, filed June 16, 1997, and petitioners' motion for leave to file an amended petition, filed August 22, 1997, must be denied, as moot.

In order to reflect the foregoing,

An appropriate order and order of dismissal for lack of jurisdiction will be entered.