T.C. Memo. 2000-313


UNITED STATES TAX COURT


FRANK BLAZIC, Petitioner <u>v</u>. COMMISSIONER
OF INTERNAL REVENUE, Respondent


Docket No. 14503-99.                    Filed October 3, 2000.


<u>John Gigounas</u>, for petitioner.

<u>Daniel J. Parent</u>, for respondent.


MEMORANDUM OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case is before the
Court on respondent's Motion to Dismiss for Lack of Jurisdiction,
filed December 16, 1999.  Respondent's motion is based upon the
ground that the petition in this case was not filed within the
period prescribed by section 6213(a).[1]  In petitioner's

_____

   [1] Section references are to the Internal Revenue Code of
1986, as amended.

Opposition to Internal Revenue Service's Motion to Dismiss, filed February 18, 2000, petitioner objects to respondent's motion upon the ground that the notice of deficiency upon which this case is based was not mailed to petitioner's last known address as required by section 6212. An evidentiary hearing was conducted on respondent's motion in San Francisco, California, on May 9, 2000.

The issue for decision is whether the notice of deficiency upon which this case is based was sent to petitioner at his last known address.

Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in San Rafael, California.

In a notice of deficiency issued and sent by certified mail on January 7, 1994 (the notice), respondent determined a deficiency in and various additions to petitioner's 1987 Federal income tax. The petition in this case was filed on September 1, 1999, which is well beyond the period for doing so prescribed in section 6213(a).

The notice is addressed to petitioner at 13971 School Street, San Leandro, CA 94578 (the San Leandro address), which is the address petitioner listed on his 1987 Federal income tax

return, filed March 15, 1991.[2] The San Leandro address is also shown as petitioner's address on his 1990 Federal income tax return, filed October 18, 1991, which is the most recently filed return before the notice was issued.

The examination of petitioner's 1987 return began in April 1993. During the course of the examination, several letters were sent to petitioner at the San Leandro address. Although letters sent by respondent to petitioner at another address were returned as undeliverable during the examination,[3] nothing in the record suggests that any of the letters addressed to petitioner at the San Leandro address were returned to the examining agent. As best as can be determined from the record, petitioner never

---

[2] The notice was also sent to petitioner at an address in Grass Valley, California. Petitioner had provided this address to an employer, and that address was on a Form W-2 issued to petitioner. However, the notice mailed to this address was returned to respondent by the U.S. Postal Service. Respondent agrees that the Grass Valley address was not petitioner's last known address.

[3] In August 1993, the examining agent sent two letters, one by certified mail, to petitioner at an address in Auburn, California. Both letters were stamped as undeliverable and returned. Apparently, the Auburn address was listed on documents filed by, or on behalf of, petitioner in a bankruptcy proceeding initiated in May 1990 and concluded in March 1994. The Auburn address was used on respondent's Proof of Claim for Internal Revenue Taxes submitted in that bankruptcy proceeding on Dec. 23, 1991. On Dec. 7, 1993, a Notice of Intent to Enter Final Decree and Close Chapter 11 Case was filed in the bankruptcy proceeding. The Auburn address was listed as petitioner's address in that notice.

responded to any of the examining agent's attempts to communicate with him.

Respondent's agents can obtain a taxpayer's address by requesting an Inquiry National On-Line Entity (INOLE) report. The database accessed through an INOLE report is maintained by respondent and is updated with information from various sources, including Federal income tax returns and Forms 8822, Change of Address. Receipt of a Form 8822 by respondent is reflected on an INOLE report; however, after the information contained on a Form 8822 has been entered into the database, the form itself is not retained.

According to INOLE reports generated on various dates from May 26, 1993, through May 10, 1994, including January 5, 1994, petitioner's address was the San Leandro address. None of the reports indicates the receipt of a Form 8822 from petitioner during that period.

## Discussion

Petitioner does not contend that the petition in this case was timely filed. Instead, petitioner argues that the notice was not mailed to him at his last known address.

In general, a taxpayer's last known address is the address shown on the most recently filed return, absent clear and concise notice of a change in address. See King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Abeles

v. Commissioner, 91 T.C. 1019, 1035 (1988). Relevant for our purposes, a Form 8822 is one method that a taxpayer can use to provide such notice. See sec. 5.04(3) of Rev. Proc. 90-18, 1990-1 C.B. 491, 494.

At the hearing, petitioner testified that on July 7, 1993, or shortly thereafter, he sent by regular mail a Form 8822 (the form) to respondent changing his address from the San Leandro address to 29261 Harpoon Way, Hayward, CA 94544 (the Hayward address). Petitioner claims that the form was sent prior to respondent's issuance of the notice, and, therefore, the Hayward address was his last known address at the time the notice was issued.

We note that petitioner's claim regarding the mailing of the form was not made known until later in the proceedings. The petition does not contain any express reference to the form, nor does it indicate what address petitioner claims to have been his last known address on the date the notice was mailed.[4] Instead, petitioner's first reference to the form and the Hayward address is set forth in a declaration attached to his objection to the

---

[4] In the petition, petitioner alleges that respondent was put on notice of his change of address "through correspondence and/or return filing before the mailing of the notice of deficiency". We doubt that petitioner intended the term "correspondence" to include the form. Furthermore, the San Leandro address is the address listed for petitioner on the most recently filed return prior to the issuance of the notice.

motion here under consideration.  In the declaration, petitioner stated that he mailed the form to respondent "in July or August 1993".

According to petitioner, during the summer of 1993, he interviewed for employment with the Internal Revenue Service, but he could not recall the name of the woman who interviewed him. He claims, however, she told him that to be considered for employment:  (1) He must be in compliance with the tax laws; (2) he would be fingerprinted and subject to a background investigation; and (3) he needed to notify the Internal Revenue Service of his then-current address.

Petitioner neither claims nor established that he satisfied either of the first two requirements listed above.[5] Nevertheless, he claims that he mailed the form to respondent in order to comply with the third requirement.  In further support of this claim, petitioner produced a photocopy of the form at the hearing, although he acknowledged that he did not provide respondent's counsel with a copy of the form until 2 weeks before the hearing.  Under the circumstances, we are not convinced that the form was sent to respondent during 1993 as

_____

[5] Petitioner did not file his 1988 return until October 1994, and he did not file his 1991 and 1992 returns until November 1998.

claimed by petitioner.[6]

In this case, the San Leandro address is the address listed on the return filed most recently before the issuance of the notice. The San Leandro address was also the address listed for petitioner in respondent's computerized database on dates shortly

_____

[6] There are other inconsistencies between petitioner's testimony and statements contained in documents filed prior to the hearing. In the petition, petitioner alleges that he did not receive the notice and "had no knowledge of the mailing of such until several months after the purported mailing". (Emphasis added.) In the declaration referred to above he states that he was "wholly unaware of any IRS audit for 1987 and any deficiency determination until 1997/1998 when * * * [he] was contacted by IRS Collection". At the hearing, he testified on direct examination as follows:

> Q. When did you first find out that you – that the IRS had made a tax assessment against you?
>
> A. I believe it was in '97, or 1998 – probably '97.
>
> Q. Would you state how you discovered this fact?
>
> A. The Franchise Tax Board sent a levy on my wages at Eckhoff Accountancy Corporation.
>
> Q. And what did you do after you found out about that levy?
>
> A. I then contacted – after speaking with the Franchise Tax Board, they indicated to me to contact the Internal Revenue Service, which I did.
>
>         *   *   *   *   *   *   *
>
> Q. And when was the first time you discovered that the IRS did, in fact, send you a 90-day letter?
>
> A. I believe I already answered that question. I think it was '97 or '98. Somewhere in there.

before and several months after the notice was issued and mailed to petitioner on January 5, 1994.  Respondent's records do not indicate that the form was received prior to the issuance of the notice, and petitioner does not contend that he otherwise provided clear and concise notice to respondent that his address had changed from that shown on his most recently filed return. Nothing else in the record suggests that any event occurred that would otherwise have put respondent on notice that petitioner's last known address changed from the San Leandro address to the Hayward address before the notice was issued.  The San Leandro address is therefore petitioner's last known address within the meaning of section 6212, and the notice was properly mailed to him at that address.  See Abeles v. Commissioner, 91 T.C. 1019 (1988).

Because the petition in this case was not filed within the period prescribed by section 6213(a), respondent's motion to dismiss for lack of jurisdiction will be granted upon that ground.

To reflect the foregoing,

An appropriate order dismissing this case for lack of jurisdiction will be entered.