T.C. Summary Opinion 2001-138


UNITED STATES TAX COURT


NANCI A. BERNARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1601-01S.                    Filed September 5, 2001.


Nanci A. Bernard, pro se.

<u>Julie A. Pals</u>, for respondent.


ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  All section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed March 20, 2001. As discussed in detail below, we shall grant respondent's motion.

Background

On January 19, 2000, respondent mailed a notice of deficiency to petitioner determining a deficiency in her Federal income tax for 1998 in the amount of $2,785 (the deficiency notice for 1998). Also on January 19, 2000, respondent mailed a notice of deficiency to petitioner determining a deficiency in her Federal income tax for 1997 in the amount of $2,134 (the deficiency notice for 1997).

Respondent sent both the deficiency notice for 1998 and the deficiency notice for 1997 by certified mail addressed to petitioner at 112 Bayview Drive, Grasonville, MD 21638 (the Grasonville address). Petitioner received the deficiency notice for 1997 shortly after it was mailed; in contrast, petitioner does not recall receiving the deficiency notice for 1998 until August 2000. According to respondent, the deficiency notice for 1998 was not returned to respondent by the U.S. Postal Service.

On April 20, 2000, petitioner timely filed a petition for redetermination (assigned docket No. 4419-00S) contesting respondent's deficiency determination for 1997. Attached to the petition as an exhibit was a copy of the deficiency notice for

1997. The petition reflects petitioner's address as 1462 Stoney Point Way, Baltimore, Maryland 21226 (the Baltimore address).

On February 9, 2001, petitioner filed a petition for redetermination (assigned docket No. 1601-01S, i.e., the instant case) contesting respondent's deficiency determination for 1998. Attached to the petition as exhibits were copies of collection notices relating to the taxable year 1998 that were sent to petitioner at the Baltimore address. The petition reflects petitioner's address as 8103 Ventnor Road, Pasadena, Maryland 21122. The petition arrived at the Court in an envelope bearing a U.S. Postal Service postmark date of February 7, 2001.

As indicated, respondent filed a Motion to Dismiss for Lack of Jurisdiction on March 20, 2001. In the motion, respondent contends that this case should be dismissed for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by section 6213(a) or section 7502.

Petitioner filed an objection to respondent's motion to dismiss. In her objection, petitioner contends that respondent failed to mail the deficiency notice for 1998 to her at the correct address.

This matter was called for hearing at the Court's motions session in Washington, D.C., on May 30, 2001. Petitioner and counsel for respondent appeared and presented evidence. In particular, respondent introduced copies of petitioner's Federal

income tax returns, Forms 1040, for 1998 and 1999. The 1998 return, which was filed in April 1999, lists the Grasonville address as petitioner's then current address; in contrast, the 1999 return, which was filed in April 2000, lists the Baltimore address as petitioner's then current address.

At the hearing, petitioner stated that she moved from the Grasonville address to the Baltimore address in late November 1999 and that she moved from the Baltimore address to the Pasadena address in December 2000.

Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. See Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. A notice of deficiency is sufficient if it is mailed to the taxpayer at the taxpayer's last known address. See sec. 6212(b)(1). If the notice is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice by the taxpayer is immaterial. See King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner,

81 T.C. 42, 52 (1983). In turn, the taxpayer has 90 days (or 150 days if the notice is addressed to a person outside the United States) from the date that the notice is mailed to file a petition for redetermination of the deficiency. See sec. 6213(a); see also sec. 7502 (treating timely mailing as timely filing).

It is clear in the present case that the deficiency notice for 1998 was mailed to petitioner on January 19, 2000. It is equally clear that the petition in respect of that notice was not filed (or mailed) within the requisite 90-day period. Accordingly, it follows that we must dismiss this case for lack of jurisdiction. However, in view of petitioner's contention that the deficiency notice for 1998 was not mailed to the correct address, which contention we regard as tantamount to a contention that the deficiency notice for 1998 was not mailed to her at her last known address, the issue for decision is whether the dismissal of this case should be based on petitioner's failure to file a timely petition under section 6213(a) or whether dismissal should be based on respondent's failure to issue a valid notice of deficiency under section 6212. If jurisdiction is lacking because of respondent's failure to issue a valid notice of deficiency, we shall dismiss on that ground, rather than for lack of a timely filed petition. Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d

1282 (3d Cir. 1991); Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Keeton v. Commissioner, 74 T.C. 377, 379-380 (1980).

Although the phrase "last known address" is not defined in the Internal Revenue Code or in the regulations, we have held that absent clear and concise notice of a change of address, a taxpayer's last known address is the address shown on the taxpayer's return that was most recently filed at the time that the notice was issued. King v. Commissioner, supra at 681; Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). In deciding whether the Commissioner mailed a notice to a taxpayer at the taxpayer's last known address, the relevant inquiry "pertains to [the Commissioner's] knowledge rather than to what may in fact be the taxpayer's most current address." Frieling v. Commissioner, supra at 49. The burden of proving that the notice was not sent to the taxpayer at the taxpayer's last known address is on the taxpayer. See Yusko v. Commissioner, supra at 808.

Respondent mailed the deficiency notice for 1998 to the address listed on petitioner's 1998 return--the last return filed by petitioner prior to the mailing of such notice on January 19, 2000.[2] Consequently, the deficiency notice for 1998 was mailed to petitioner at her last known address unless petitioner can

_____

[2] It should be recalled that petitioner's 1999 return, which listed the Baltimore address as petitioner's address, was not filed with respondent until April 2000.

demonstrate: (1) She provided respondent with clear and concise notice of a change of address; or (2) prior to the mailing of the deficiency notice for 1998, respondent knew of a change in petitioner's address and did not exercise due diligence in ascertaining petitioner's correct address. See Abeles v. Commissioner, supra; Keeton v. Commissioner, supra at 382; Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976).

There is nothing in the record to suggest that petitioner gave respondent clear and concise notice of her change of address from the Grasonville address to the Baltimore address.[3] Nor is there anything in the record to suggest that respondent knew about such change of address. Indeed, given the short interval between petitioner's relocation in late November 1999 and the issuance of the deficiency notice for 1998 on January 19, 2000, there would have been limited opportunity for respondent to have learned about petitioner's change of address. Moreover, we take

---

[3] The fact that petitioner may have provided notification of her change of address to the U.S. Postal Service does not, in and of itself, mean that petitioner provided notification to respondent. See Adams v. Commissioner, T.C. Memo. 1994-365 (the filing of a forwarding order with the Postal Service is not clear and concise notification to the Commissioner of the taxpayer's change of address), affd. without published opinion sub nom. Miller v. Commissioner, 61 F.3d 916 (10th Cir. 1995). In other words, a taxpayer who does not notify the Commissioner of his or her change of address but merely relies on the Postal Service to forward mail bears the risk of any failure of the Postal Service to properly forward such mail. Id.

note of the fact that petitioner received the deficiency notice for 1997, which was also mailed to her at the Grasonville address on January 19, 2000, within sufficient time to file a timely petition in respect of that notice.  We also take note of respondent's representation that the deficiency notice for 1998 was not returned to respondent by the U.S. Postal Service.

Conclusion

In view of the foregoing, we hold that the deficiency notice for 1998 was valid because it was sent to petitioner at her last known address.  Accordingly, because petitioner did not file her petition within the time prescribed by section 6213(a) or section 7502, we lack jurisdiction to redetermine petitioner's tax liability for 1998, and we are left with no alternative but to grant respondent's motion to dismiss for lack of jurisdiction.[4]

---

[4]  Although petitioner cannot pursue her case for 1998 in this Court, she is not without a judicial remedy.  Specifically, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and, if her claim is denied, sue for a refund in the appropriate Federal District Court or the U.S. Court of Federal Claims.  See McCormick v. Commissioner, 55 T.C. 138, 142 (1970).  Moreover, if petitioner did not receive the deficiency notice for 1998 within such time as to file a timely petition with this Court, petitioner may have administrative and judicial remedies before respondent may legally commence enforced collection action against her.  See secs. 6330(c)(2)(B), 6320(c). Finally, we note that the granting of respondent's motion to dismiss for lack of jurisdiction will in no way preclude the parties from administratively resolving the substantive issues for 1998.

Reviewed and adopted as the report of the Small Tax Case Division.

In order to give effect to the foregoing,

<u>An order granting respondent's motion and dismissing this case for lack of jurisdiction will be entered.</u>