THEODORE WHITE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
White v. Commissioner
Docket No. 4394-89
United States Tax Court
T.C. Memo 1990-528; 1990 Tax Ct. Memo LEXIS 582; 60 T.C.M. (CCH) 958; T.C.M. (RIA) 90528; October 9, 1990, Filed *582 An appropriate order of dismissal will be entered. Howard Lisch, for the petitioner. Howard Rosenblatt, for the respondent. DAWSON, Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b) of the Code [1] and Rule 180 et seq. The Court *583 agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: In a notice of deficiency dated January 21, 1987, respondent determined a deficiency in and additions to petitioner's Federal income tax for 1982, as follows: Additions to Tax
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
$ 21,339.00
$ 2,147.50
$ 1,593.90
*
Respondent filed a motion to dismiss this case for lack of jurisdiction because the petition was not filed within the time prescribed by section 6213(a). Petitioner claims that his petition should *584 be considered because the deficiency notice was not sent to his "last known address" within the meaning of section 6212(b). However, it is well established, in the latter instance, that the case should also be dismissed for lack of jurisdiction because our jurisdiction is derived from the timely filing of a petition based upon a valid notice of deficiency. If the notice of deficiency was not sent to petitioner's last known address, resulting in petitioner's inability to timely file a petition, the notice of deficiency is invalid. Thus, the sole issue for decision is whether the notice of deficiency was mailed to petitioner at his "last known address" within the meaning of section 6212(b)(1). At the time of the filing of the petition herein, petitioner resided in Watertown, Massachusetts. All of the facts in this case have been stipulated. From 1975 through January 1982, petitioner resided at 293 Janes Lane, Stamford, Connecticut 06903 (the Connecticut address). On December 29, 1981, petitioner purchased a limited partnership interest in Choctaw Energy Partners, Ltd. (Choctaw), and received a Form K-1 for 1981 which reflected his Connecticut address. From February 1982, through *585 May 1984, petitioner resided at 29713 Zuma Bay Way, Malibu, California 90265 (the California address). His Form K-1 from Choctaw for 1982 reflected his California address. During 1982, petitioner purchased a limited partnership interest in Creek Energy Partners (Creek). His 1982 Form K-1 from Creek also reflected his California address. In June 1984, petitioner moved to 151 Coolidge Avenue, Watertown, Massachusetts 02172 (the Massachusetts address). At some point in time thereafter, he was employed by Emmasse Computer Corporation (Emmasse). On September 5, 1984, petitioner filed his 1981 Federal income tax return. On September 6, 1984, petitioner filed his 1982 and 1983 Federal income tax returns. All three returns were prepared by a tax preparer in Venice, California, and reflected petitioner's California address. Respondent's Jacksonville, Florida, office began an examination of Choctaw for 1981. That office issued a Notice of Examination of a Flow-through Entity on September 12, 1984, which listed petitioner's Connecticut address and requested a copy of petitioner's Form K-1. We presume that such notice was sent to the District Director for Hartford, Connecticut, the *586 district encompassing Stamford, Connecticut. On February 22, 1985, respondent sent a letter and a Form 872-A, Consent to Extend the Time to Assess Tax, for 1981 to petitioner's Connecticut address. The letter was returned to the Hartford Examination Division as undeliverable on March 1, 1985. On February 27, 1985, another letter and Form 872-A were sent from the Hartford Office by certified mail to petitioner's Connecticut address. The letter was returned as undeliverable. A notation on the envelope, dated March 2, 1985, stated that there was no forwarding order on file. Also written on the envelope was petitioner's California address, although it is not stated who wrote that notation. A letter dated August 12, 1986, and a Form 872-A for 1982 were sent by respondent to petitioner's California address. The record does not indicate that such letter was returned undelivered. The record also includes two documents presumably filed with respondent by third parties: (1) a 1984 Form 1099-R filed by Interactive Systems Corporation, listing petitioner's address as in care of Emmasse in Acton, Massachusetts; and (2) a 1985 Form W-2 from Emmasse, reflecting petitioner's Massachusetts *587 address. On January 21, 1987, respondent sent, by certified mail, a notice of deficiency for 1982 to petitioner at his California address. The deficiency resulted from the disallowance of losses claimed in respect of Choctaw and Creek. The record does not indicate if the notice was returned to respondent. The 90-day period to file a petition in this Court ended on April 21, 1987. On March 6, 1989, petitioner filed his petition in this Court. The petition requested that the 1982 tax return be put into "extended status." Petitioner also asked that the 1982 return be assigned to the Appeals Office in Boston, where a settlement proposal for the 1981 partnership was being negotiated. It is well settled that to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. Abeles v. Commissioner, 91 T.C. 1019, 1025 (1988); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). There is no requirement that the taxpayer actually receive the notice of deficiency in order to commence the running of the 90-day period. Pyo v. Commissioner, supra at 632; *588 Zenco Engineering Corp. v. Commissioner, 75 T.C. 318, 321-322 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981). The burden of proving that the notice was not sent to the last known address is on petitioner. Yusko v. Commissioner, 89 T.C. 806, 808 (1987); Mollet v. Commissioner, 82 T.C. 618, 625 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985). The definition of "last known address" is not contained in either the Internal Revenue Code or the regulations. This Court has determined the phrase to mean "the taxpayer's last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such period." Brown v. Commissioner, 78 T.C. 215, 218 (1982). The address that respondent uses must be one in which he reasonably believed the taxpayer wanted the notice to be sent in light of all the surrounding facts and circumstances. *589 Monge v. Commissioner, 93 T.C. 22, 27-28 (1989); Pyo v. Commissioner, supra at 633; Brown v. Commissioner, supra at 218-219; Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Alta Sierra Vista Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). As a general rule, a taxpayer's "last known address" is that address which appears on the taxpayer's most recently filed return, unless respondent is given clear and concise notification of a different address. Abeles v. Commissioner, supra.The burden is on the taxpayer to keep the Commissioner informed as to his proper address. Alta Sierra Vista, Inc. v. Commissioner, supra at 374. The evidence shows that, on the date of the mailing of the notice of deficiency, the address on the most recently filed return for petitioner was the California address on the 1983 return. Therefore, unless it can be shown that clear and concise notification of a different address was given to respondent, the notice of deficiency was properly mailed *590 and, thus, was valid. Petitioner argues, in part, that respondent mishandled petitioner's files by sending the 1981 return to Hartford, while maintaining control over the 1982 return in Fresno, California. The record does not disclose how the 1981 return continues to be open and under consideration. In his brief, petitioner states that respondent sent petitioner a Form 872-A to extend the statute of limitations for 1981, which petitioner signed on July 31, 1987. This statement is not supported by any evidence in the record. Moreover, respondent could have sent the form to petitioner after the mailing of the notice of deficiency. There is no evidence that respondent sent any correspondence regarding the 1981 return to the Massachusetts address prior to the mailing of the notice of deficiency, but neglected to update respondent's files. Petitioner next argues that respondent was negligent in sending the 1981 extension requests to the Connecticut address. That 1985 correspondence is totally irrelevant to our inquiry. If there is any negligence to allocate, the filing by petitioner of a return with a California address while residing in Massachusetts certainly deserves consideration. *591 In short, there is no evidence that respondent was aware, on the date of the mailing of the notice of deficiency, that the California address was not the proper address. Respondent had not, prior thereto, sent any correspondence to that address only to have it returned undeliverable. Petitioner also argues that respondent had knowledge of the Massachusetts address by the filings of the 1984 Form 1099-R and the 1985 Form W-2. We will assume, arguendo, that these documents were filed with respondent after petitioner's 1983 tax return was filed and before the mailing of the notice of deficiency. However, neither of these documents constitute clear and concise notification of a change of address by petitioner. In order to supplant the address on the most recent tax return, the taxpayer must clearly indicate that the former address is no longer to be used. Tadros v. Commissioner, 763 F.2d 89, 92 (2d Cir. 1985), affg. an unreported decision of this Court. It is in situations where, prior to the mailing of the notice of deficiency, respondent becomes aware that the address *592 on the most recently filed return is not a proper address, that he must exercise reasonable care and diligence in ascertaining the taxpayer's last known address. In these situations we have suggested that respondent might resort to third party information such as telephone books (if he knew where to look), Form W-2, employer contacts, Form 1099, and other informational forms. See, e.g., Armstrong v. Commissioner, T.C. Memo. 1990-191. However, in the instant case, respondent was not aware of any need to resort to third party information. Petitioner also relies on Blair v. Commissioner, T.C. Memo. 1989-454. In Blair, involving the failure to file returns and the mailing of a notice of deficiency to an address found on Forms 1099 from an employer and a bank, this Court held that respondent exercised reasonable care and diligence, under the facts in that case, by using such information to determine the taxpayer's last known address and, accordingly, Blair does not provide support for petitioner's position. We hold that respondent properly relied on petitioner's 1983 return in mailing the notice of deficiency to petitioner's California address, *593 and that the notice of deficiency is valid. The record does not indicate whether the notice of deficiency was returned to respondent as undeliverable. However, respondent has no duty to effectuate delivery of the notice of deficiency after it is mailed. Monge v. Commissioner , supra.The validity of the notice is satisfied if it is mailed to the last known address, even if it is never received. King v. Commissioner, 857 F.2d 676, 681 (9th Cir. 1988), affg. 88 T.C. 1042 (1987). Accordingly, we hold that the petition was untimely and we lack jurisdiction. Respondent's motion will be granted. An appropriate order of dismissal will be entered. Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on $ 21,339.00↩