EARL R. McCART, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McCart v. Commissioner
Docket No. 17031-90
United States Tax Court
T.C. Memo 1992-3; 1992 Tax Ct. Memo LEXIS 8; 63 T.C.M. (CCH) 1704; T.C.M. (RIA) 92003; January 2, 1992, Filed *8 An appropriate order and order of dismissal for lack of jurisdiction will be entered. Earl R. McCart, pro se. William T. Lyons, for respondent. DAWSON, Judge. DAWSON
MEMORANDUM OPINION This case was heard by Special Trial Judge James M. Gussis pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed October 1, 1990, and petitioner's cross Motion to Dismiss for Lack of Jurisdiction, filed November 26, 1990. Petitioner was a resident of Lindenwold, New Jersey, at the time the petition herein was filed. Section 6212(a) authorizes the Secretary upon the determination of a deficiency in income tax, to issue a notice of deficiency by certified or registered mail to the taxpayer at his "last known address". Congress *9 enacted section 6212(b)(1) as a safe harbor that protects the Secretary by establishing a procedure for giving notice that "shall be sufficient" in cases where, due to the taxpayer's failure to give notice of a change of address, actual notice cannot be perfected. Mulvania v. Commissioner, 81 T.C. 65, 67 (1983). A notice of deficiency is valid, regardless of actual receipt by the taxpayer, if mailed to the taxpayer's "last known address". Sec. 6212(b)(1); see King v. Commissioner, 88 T.C. 1042 (1987), affd. 857 F.2d 676 (9th Cir. 1988). Respondent is entitled to treat the address on the taxpayer's most recently filed return as the last known address absent "clear and concise notification" of a new address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Where respondent becomes aware of an address other than the one on the taxpayer's return, he must exercise reasonable care and due diligence in ascertaining the taxpayer's correct address. *10 Monge v. Commissioner, 93 T.C. 22, 33-34 (1989). Petitioner and his wife filed a joint 1982 Federal return on or about April 15, 1983, which showed their address as 27 Walnut Lane, Clementon, New Jersey 08021. On or about April 30, 1984, they filed an amended tax return for 1982 in which they questioned the constitutionality of the tax on their wages and maintained that their wages were exempt from tax. They also recited other meritless "protestor" type pronouncements on their amended return. Again, they showed their address as 27 Walnut Lane, Clementon, New Jersey 08021. Petitioner failed to file returns for several subsequent years. A Certificate of Assessments and Payment in evidence indicates that respondent prepared substitute returns for petitioner for each of the years 1983, 1984, 1985, and 1986. On September 1, 1988, respondent mailed statutory notices of deficiency for the years 1983, 1984, 1985, and 1986 addressed to petitioner at 27 Walnut Lane, Clementon, New Jersey 08021, determining both deficiencies in and additions to Federal income taxes for such years. The notices of deficiency were returned to respondent as undeliverable by the United *11 States Postal Service with the notation "Forwarding Expired". Under such circumstances, the standard Internal Revenue Service procedures required a check of the computer system to locate any updated address for petitioner. This procedure was followed here by respondent. The computer search revealed the same address for petitioner that had been used in addressing the statutory notices of deficiency described above. Petitioner has the burden of proving that the notices of deficiency were not sent to his "last known address". Mollet v. Commissioner, 82 T.C. 618, 625 (1984), affd. without published opinion 757 F.2d 286 (11th Cir. 1985). Petitioner contends that his "last known address" during the relevant period was 113 West Linden Avenue, Lindenwold, New Jersey, which appears to be his parents' residence. An Internal Revenue Service document identified as an Information Returns Master File Transcript for tax year 1985, which bears the date of January 13, 1988, was introduced in evidence by petitioner. The document is an information return document compiled by the Internal Revenue Service Center listing information returns submitted to the service *12 center with respect to petitioner. The fact that a third party information return used a Lindenwold, New Jersey, address for petitioner is not clear and concise notification to respondent of an address change, especially when we note that the same information return reflects references to both the Clementon, New Jersey, address relied upon by respondent and the Lindenwold, New Jersey, address. Petitioner also relies on W-2 statements for 1986, 1987, and 1988 which show the Lindenwold, New Jersey address. Any information on a W-2 statement for the year 1988 would not be available to respondent on September 1, 1988, when the notices of deficiency were issued. Moreover, it is far from clear whether the W-2 form for 1987 was available to respondent on September 1, 1988. In any event, even assuming that such documents were timely filed with respondent, they do not constitute clear and concise notification to respondent of a change of address. See White v. Commissioner, T.C. Memo. 1990-528. In order to supplant the address on the most recent return, the taxpayer must clearly indicate that the former address should no longer be used. See Tadros v. Commissioner, 763 F.2d 89, 92 (2d Cir. 1985). *13 See also Rev. Proc. 90-18, 1990-1 C.B. 491, in effect on March 26, 1990. On brief, petitioner makes arguments based on some seven new items of evidence attached to his post-trial brief. Such exhibits cannot be considered as evidence. See Rule 143(b). In any event, this new material is not helpful in establishing petitioner's contentions. The miscellany of new documents, such as a vehicle registration, an operator's license, a State insurance identification card, a pilot's license, third-party letters to petitioner responding to address verification requests made by petitioner, and copies of Internal Revenue Service individual master and administrative files and examining officers' activities records do not suggest, even remotely, that respondent was somehow charged with knowledge of a new address and that he failed to exercise due care in ascertaining petitioner's "last known address" during the relevant period. In short, the melange of documentary information relied upon by petitioner does not establish, even remotely, that respondent was aware, on the date the notices of deficiency were mailed, that the Clementon address was not the correct address. *14 Such tangential information is not regarded as clear and concise notification of a new address to be used by respondent. With respect to petitioner's motion to strike Form 3877 from the record, respondent introduced evidence and testimony showing the background and established procedures that were followed in preparing the information form with the certified mailing date of the notice of deficiency to petitioner at the Clementon, New Jersey, address. On the basis of such evidence, we concluded that Form 3877 was properly admissible in evidence in this matter and, accordingly, petitioner's motion to strike was orally denied at the hearing. We have considered petitioner's contentions and find them unpersuasive. There is no indication in this record that respondent was aware, prior to the mailing of the notices of deficiency on September 1, 1988, that the address on the most recent tax return was not the correct address. Information that might be acquired by agents and employees in other divisions of the Internal Revenue Service is not tantamount to clear and concise notification to respondent of an address change. See United States v. Zolla, 724 F.2d 808, 811 (9th Cir. 1984). *15 Under the circumstances here present, there would be no obligation imposed on respondent to resort to third-party confirmation. Nor would any obligation exist, under such circumstances, for respondent to mail duplicate notices of deficiency. In any event, we must emphasize that petitioner has the obligation to provide respondent with a clear and concise notification of an address change. Respondent followed the appropriate procedures in issuing the notices of deficiency in this matter. Respondent has no duty to effectuate delivery of the notices of deficiency after they were mailed. Monge v. Commissioner, supra.The validity of the notices of deficiency was satisfied when they were mailed to petitioner's last known address, even though they were never received. Respondent mailed the notices of deficiency herein involved to petitioner at his last known address by certified mail on September 1, 1988, as shown by the postmark date on the executed certified mailing list Form 3877. We conclude that the notices of deficiency were valid. The 90-day period for timely filing the petition in this case expired on Wednesday, November 30, 1988, which date *16 was not a legal holiday in the District of Columbia. The petition herein was filed with the Court on July 30, 1990, some 697 days after the mailing of the notices of deficiency. The envelope in which the petition was received by the Tax Court bears a United States Postal Service postmark date of July 26, 1990, which date is some 693 days after the mailing of the notices of deficiency. On these facts, the petition was not timely filed under the provisions of section 6213(a) or section 7502(a). Accordingly, on the basis of this record, respondent's Motion to Dismiss for Lack of Jurisdiction, filed October 1, 1990, will be granted, and petitioner's motion to dismiss for lack of jurisdiction filed November 26, 1990, will be denied. An appropriate order and order of dismissal for lack of jurisdiction will be entered.