T.C. Memo. 2005-279

UNITED STATES TAX COURT

PATRICIA ANN BLOCKER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3129-04L.            Filed December 1, 2005.

<u>Donald R. Williams</u>, for petitioner.

<u>Daniel N. Price</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  This proceeding was commenced in response to
a Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330.  The issue for decision is whether
respondent correctly assessed petitioner's underlying tax
liability, which, in turn, depends on whether the statutory

notice for 1989 not received by petitioner was sent to petitioner's last known address.

FINDINGS OF FACT

Petitioner resided in San Marcos, Texas, at the time that she filed her petition in this case. She was divorced from her former husband in 1988. Petitioner married her present husband, William P. Blocker (Blocker), in 1990.

Petitioner and Blocker did not file tax returns for 1990, 1991, or 1992 until December 17, 1998. As a result of their failure to file timely income tax returns and various employment tax-related matters, in or about 2000, petitioner and Blocker attempted to resolve their outstanding tax liabilities by an offer in compromise. In those efforts, petitioner and Blocker were aided by an enrolled agent, Kathryn Womack (Womack). Womack was informed that the offer in compromise would not be considered unless and until petitioner and Blocker filed delinquent tax returns. Womack prepared and submitted for petitioner a 1989 tax return on which petitioner's total tax was reported as $3,796.

The Internal Revenue Service (IRS) did not receive a 1989 Federal income tax return from petitioner prior to receipt of the return prepared by Womack in 2000. On August 19, 1993, the IRS sent to petitioner a letter stating that the IRS had no record of receiving a return for 1989; that letter was sent to an address on Bering Drive in Houston, Texas. On November 24, 1993, the IRS

sent to petitioner a notice of deficiency determining a deficiency in tax of $3,412 for 1989 and additions to tax under sections 6651(a) and 6654(a); that letter was sent to an address on Roydon Drive in Houston, Texas. The notice of deficiency was returned to the IRS marked: "MOVED, LEFT NO ADDRESS". The deficiency determination was based on third-party reporting of wages earned by petitioner in 1989. The notice of deficiency set forth: "Total income reported by payers (see income sources): $23,374.00". The amounts included in the notice were reported to the IRS on Forms W-2, Wage and Tax Statement, that reflected an address for petitioner on Jeanetta in Houston, Texas.

When petitioner failed to respond to the November 24, 1993, notice of deficiency, on April 18, 1994, the IRS assessed the amounts determined in the notice and accrued interest. When the IRS received petitioner's 1989 Form 1040, U.S. Individual Income Tax Return, in 2000, the IRS assessed an additional amount of $384, the difference between the amount determined in 1993 and the amount of tax reported on petitioner's return filed in 2000.

On June 16, 2003, the IRS sent to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. The notice set forth petitioner's unpaid liability for 1989 as $6,675.75, which included the two assessments of tax and accrued additions to tax, penalties, and interest. Petitioner submitted a Request for a Collection Due Process Hearing. On

January 22, 2004, a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the filing of the notice of Federal tax lien, was sent to petitioner.  That notice of determination is the basis of the current action.

On or about February 2, 2004, petitioner submitted to the IRS an amended 1989 return.  In the amended return, petitioner claimed a business loss on Schedule C, Profit or Loss From Business, and claimed an exemption for a dependent not previously claimed.  As a result, petitioner contended that her total tax liability for 1989 was $1,939.  Petitioner never presented substantiation of the deductions claimed on the amended return.  The claimed dependent filed her own return for 1989 and claimed an exemption for herself.

                              OPINION

The record in this case is cluttered with irrelevant arguments and factual assertions by both parties that are not supported by evidence in the record.  It is undisputed, however, that petitioner did not receive the statutory notice sent in 1993 with respect to her Federal income tax liability for 1989.  Therefore, we examine de novo petitioner's underlying liability for that year as determined in the undelivered statutory notice.  See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604 (2000).

Petitioner contends that she filed a timely Federal income tax return for 1989 showing an address on Jeanetta in Houston, Texas, where she had lived "since 1988".  Records of the IRS consistently reflect that no return was filed for 1989 until the return filed by petitioner in 2000.  Petitioner's assertion with respect to timely filing is uncorroborated.  In 1990, petitioner married Blocker, and they failed to file returns for several years thereafter.  On this record, we cannot accept petitioner's testimony that she filed a timely return for 1989.  In addition, we can give no credence to the deductions that petitioner claimed on her amended return for 1989 filed in 2004, because she has presented no evidence to substantiate those deductions.

Whether petitioner's underlying liability exists, therefore, depends on whether the amounts assessed in 1994 were validly assessed, which depends in turn on whether the statutory notice of deficiency sent November 24, 1993, was sent to petitioner's last known address.  IRS records reflect the Roydon Drive address from 1989 through the delinquent filing of returns by petitioner and Blocker in 1998.  Petitioner has presented no evidence that she gave clear and concise notice of a change of address to the IRS at any time prior to 1998.

Petitioner does not deny that she lived at the Roydon Drive address in Houston at some time.  Her testimony is vague about where she lived at any time and is uncorroborated by any records.

The only thing clear is that she moved many times. She contends that she lived with her former husband for a few months in 1988, that she lived on Westerland Avenue at the time of her divorce, and that she lived at the Jeanetta address in Houston commencing in 1988. Respondent contends, without persuasive evidence in the record, that petitioner rented the Roydon Drive address beginning in 1989 and then provided that address to the IRS. Given petitioner's failure to communicate with the IRS, it is more likely that the Royden Drive address was shown on a return filed for 1988. In any event, prior to 1993, the Roydon Drive address was the address for petitioner reflected in IRS records, which were not changed again until 1998.

Petitioner also claims that the statutory notice should have been mailed to a Bering Drive address, which was used on a letter sent to petitioner in August 1993. There is no explanation in the record as to how that address would have become known to the IRS. The Bering Drive address was not the address shown on any return filed by petitioner, and there is no evidence as to whether or when she lived at that address. The Bering Drive address thus cannot be considered her last known address.

Petitioner contends that the IRS should have mailed the notice of deficiency or remailed the notice of deficiency to the Jeanetta address shown on the Forms W-2 for 1989 sent to the IRS by third-party payers of the income. Respondent argues that

Forms W-2 and other third-party payer reports do not constitute clear and concise notification of a change of address for a taxpayer.

Section 6212(b)(1) provides that a notice of deficiency, in respect of an income tax, "shall be sufficient" if it is "mailed to the taxpayer at his last known address". Generally, the Commissioner has no duty to effectuate delivery of the notice after it is mailed. Monge v. Commissioner, 93 T.C. 22, 33 (1989). We have defined "last known address" as the address to which, in light of all the surrounding facts and circumstances, the Commissioner reasonably believed the taxpayer wished the notice of deficiency to be sent. Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); see also Ward v. Commissioner, 907 F.2d 517, 521 (5th Cir. 1990), revg. 92 T.C. 949 (1989); Snow v. Commissioner, T.C. Memo. 1996-457. Generally, a taxpayer's last known address is the address shown on his or her most recently filed and properly processed return, absent clear and concise notice of a different address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). The notice of deficiency is deemed to have been mailed to petitioner at her last known address unless: (1) She provided respondent with clear and concise notice of a change of address; or (2) prior to the mailing of the notice of deficiency, respondent knew of a change in petitioner's address and did not exercise due diligence in ascertaining petitioner's

correct address.  See <u>Abeles v. Commissioner</u>, <u>supra</u>; <u>Keeton v. Commissioner</u>, 74 T.C. 377, 382 (1980); <u>Alta Sierra Vista, Inc. v. Commissioner</u>, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976); <u>Perkins v. Commissioner</u>, T.C. Memo. 2002-174.

Petitioner has failed to show that she provided clear and concise notification of a change from the Roydon Drive address. As to petitioner's contention that respondent should have used the address listed on the Forms W-2 for 1989, we stated in <u>Farnham v. Commissioner</u>, T.C. Memo. 1991-642, that a requirement that the Commissioner use addresses shown on such documents:

> would not only impose an unreasonable administrative burden on respondent to record every address for every taxpayer, but * * * would cause uncertainty by requiring respondent to use an address which the taxpayer did not communicate to him and which the taxpayer did not clearly tell respondent to use.  * * *

<u>Id.</u>  See also <u>Stroupe v. Commissioner</u>, T.C. Memo. 1998-380; <u>Thiele v. Commissioner</u>, T.C. Memo. 1994-33.

Another question in this case is whether the IRS should have exercised diligence and located an additional address for petitioner after the statutory notice of deficiency was returned undelivered.  Whether the Commissioner has exercised reasonable care and diligence is a question of fact.  <u>Frieling v. Commissioner</u>, 81 T.C. 42, 49 (1983).  The relevant facts are those known before the notice of deficiency was mailed, such as return of letters sent to the taxpayer on earlier dates.  See

Mulder v. Commissioner, 855 F.2d 208 (5th Cir. 1988), revg. T.C. Memo. 1987-363. In Pomeroy v. United States, 864 F.2d 1191, 1195 (5th Cir. 1989), the Court of Appeals for the Fifth Circuit stated: "The relevant statutes simply require that the deficiency notice be mailed to the taxpayer's last known address, not that it be received." The Code does not require remailing the notice, and nothing in the statute suggests that respondent would be obligated to take additional steps to effectuate delivery if the notice is returned. Monge v. Commissioner, supra at 33-34. A notice that is returned undelivered is still valid as long as it was sent to the last known address. Stroupe v. Commissioner, supra. Thus, respondent was not required to investigate further when the notice of deficiency was returned undelivered. See Monge v. Commissioner, supra at 33-34; Snow v. Commissioner, supra.

We have considered the other arguments of the parties, and they are irrelevant and/or lack merit.

To reflect the foregoing,

Decision will be entered

for respondent.