T.C. Memo. 2018-197

UNITED STATES TAX COURT

RONALD E. DAVIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17419-16L.                     Filed December 3, 2018.

Ronald E. Davis, pro se.

<u>Britton G. Wilson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  Petitioner seeks review, pursuant to section 6330(d),[1] of

respondent's determination to sustain a proposed collection action by levy relating

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code) as amended and in effect at all relevant times, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

**[*2]** to petitioner's unpaid Federal income tax liability for the 2012 taxable year.

The issues for decision are: (1) whether respondent properly assessed the tax

liability underlying the proposed levy and (2) whether the Internal Revenue

Service (IRS) Appeals Office abused its discretion in sustaining the proposed levy.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated

facts and facts drawn from stipulated exhibits are incorporated herein by this

reference. Petitioner resided in Kansas when he petitioned this Court.

Petitioner worked as a skilled technician in the electrical industry until his

retirement in 2001. Petitioner has not filed tax returns for taxable years 1998

through and including 2012, the tax year at issue here. Petitioner's most recently

filed income tax return before 2012 was his tax return for 1997, which

respondent's Integrated Data Retrieval System (IDRS)[2] indicates he filed in 1998.[3]

---

[2]The Commissioner implemented the IDRS to electronically provide the most current taxpayer information to employees. See Internal Revenue Manual (IRM) pt. 2.3.2.1.1(3)(a) and (b) (Jan. 1, 2007). Employees access information in IDRS by entering the command code for the specific information sought.

[3]Command code "ENMOD" returns various sections of data, the first of which is the Established Entity Data (EED) section. See IRM pt. 2.3.15.4(1)(a) (Jan. 1, 2000). The IRM identifies the first field in line 3 of the EED section as the year of the most recent return, and the second field in line 4 as the date the last return posted. See IRM Exh. 2.3.15-4 (Dec. 15, 2017).

**[*3]** Because petitioner failed to file a return for the 2012 taxable year, respondent prepared a substitute for return (SFR) pursuant to section 6020(b). On April 6, 2015, respondent mailed a notice of deficiency to petitioner based on the SFR.

In the notice of deficiency for 2012 respondent determined a deficiency of $2,422 plus additions to tax for failure to file and failure to pay under section 6651(a)(1) and (2), respectively. Respondent mailed the notice of deficiency to "6651 W 231 ST, BUCYRUS, KS 66013" (Bucyrus address), petitioner's last known address in respondent's records.[4] The United States Postal Service (USPS) returned the notice of deficiency to respondent as undeliverable. Petitioner did not receive a copy of the notice of deficiency until his section 6330 hearing.

Respondent ascertained petitioner's last known address using IDRS. The IDRS "last known address transcript"[5] lists the name(s) and address(es) associated with petitioner, including the Bucyrus address, which was listed twice. The

---

[4]Because petitioner's most recently filed return was filed for the 1997 tax year, we infer and find that petitioner's 1997 tax return showed the Bucyrus address.

[5]The last known address transcript is the output of the "FINDS" command code, which returns matching name(s) and address(es) for a given Social Security number. See IRM pt. 2.3.60.2(5) (Jan. 1, 2013). The IRS used this command to verify that the notice of deficiency was mailed to petitioner's last known address.

[*4] Bucyrus address first appears on the transcript in 1997 as "6651 W 231, BUCYRUS, KS, 66013".[6]  The transcript shows a modification to the Bucyrus address in 2008 which added "ST" to the street address ("6651 W 231ST, BUCYRUS, KS, 66013").  Finally, the transcript shows that in December 2015 petitioner's current mailing address, "5400 JOHNSON DR, MISSION, KS, 66205" (Mission address), was entered into IDRS.[7]

After waiting the appropriate amount of time after the issuance of the notice of deficiency, respondent timely assessed the tax deficiency for 2012 on August 31, 2015.  On December 26, 2015, respondent mailed to petitioner, at the Mission address, a notice of intent to levy in an effort to collect the unpaid 2012 liability.

---

[6]Although the "last known address transcript" does not identify the code at the end of each entry as representing a date, the settlement officer's notes identified the first four digits of that code as representing the year in which the address became effective.

[7]Petitioner testified that his line of work caused him to move frequently as he changed jobsites.  To avoid frequent address changes petitioner opted to receive mail at a rented private mailbox at the Mission address, which is a United Parcel Service neighborhood store.  Although petitioner testified that he never lived at the Bucyrus address, he also testified that he had relatives who lived in Bucyrus, Kansas.

[*5]   On January 19, 2016, petitioner filed a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing, with the IRS Appeals Office.[8]   In his request, petitioner disagreed with the proposed levy on grounds that he had filed a timely return and paid "all or part" of his taxes.

Petitioner's case was assigned to Settlement Officer (SO) Valerie Chavez in the IRS Appeals Office.  SO Chavez reviewed the administrative file and confirmed that petitioner's tax liability for 2012 had been properly assessed and that all other requirements of applicable law and administrative procedure had been met.  On May 26, 2016, SO Chavez acknowledged receipt of the request for a section 6330 hearing, scheduled a telephone conference for June 23, 2016, and asked petitioner to send her his 2012 tax return.

Petitioner replied by letter dated June 2, 2016.  In addition to various seemingly irrelevant arguments that could be viewed as frivolous, petitioner refused to communicate by telephone, requested a face-to-face hearing, and demanded the issuance of a notice of deficiency.  In a June 22, 2016 reply to petitioner's letter, SO Chavez again offered audit reconsideration if petitioner

---

[8]Respondent deemed petitioner's original request unprocessable because it failed to include a basis for requesting the hearing.  Petitioner supplemented the request by submitting a new Form 12153, which respondent treated as an amendment to the original request.

**[\*6]** provided his 2012 tax return.  She explained that petitioner had to provide a 2012 tax return in order for her to consider his request for a face-to-face hearing.  Finally, she informed petitioner that the hearing would proceed via correspondence and requested that he submit any documents he would like considered.  Petitioner replied on July 1, 2016, reiterating his challenge to the sufficiency of the notice of deficiency and other meritless arguments.

Because petitioner failed to submit the tax return for 2012 as requested by SO Chavez, the Appeals Office issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the levy action.  Petitioner timely petitioned this Court on August 8, 2016.

Although the petition appears to assert various irrelevant and/or meritless contentions, petitioner is pro se and we construe his petition liberally.  See Gray v. Commissioner, 138 T.C. 295, 298 (2012); see also Rule 31(d).  Liberally construed, petitioner's petition contends that the levy is improper on three grounds:  (1) the tax assessment underlying the collection action was invalid because respondent failed to send the notice of deficiency to petitioner's last known address, (2) respondent denied petitioner a face-to-face hearing, and (3) petitioner in fact filed the 2012 tax return and paid "all or part" of the tax.

**[*7]**                              OPINION

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes if the taxpayer fails to pay those taxes within 10 days after notice and demand for payment is made. See also sec. 6671(a). Section 6330(a)(1) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy. If a taxpayer requests a hearing, it must be held before an impartial officer or employee of the Appeals Office. Sec. 6330(b)(1), (3). During the hearing a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives. Sec. 6330(c)(2)(A). A taxpayer may contest the existence or amount of the underlying tax liability, but only if the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).

Following the hearing the Appeals Office must make a determination as to whether the proposed levy action may proceed. In so doing the Appeals Office must: (1) verify that the Secretary met the requirements of applicable law and administrative procedure, (2) consider all relevant issues properly raised by the

**[*8]** taxpayer, and (3) determine whether the proposed levy action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed levy action. Sec. 6330(c)(3). If the taxpayer disagrees with the determination of the Appeals Office, the taxpayer may petition this Court for review. Sec. 6330(d)(1).

Section 6330(d) does not prescribe the standard of review that this Court should apply in reviewing the Commissioner's administrative determination in a levy case. However, we have held that where the validity of a taxpayer's underlying tax liability is properly at issue, the Court will review that determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). If a determination does not involve the validity of a taxpayer's underlying liability, the Court will review that determination for abuse of discretion only. Id. at 182. An abuse of discretion exists when a determination is arbitrary, capricious, or without a sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

Because we find that petitioner did not receive the notice of deficiency for 2012 before assessment, we will review petitioner's contentions with regard to his underlying liability de novo. See Goza v. Commissioner, 114 T.C. at 181-182. Only issues that petitioner properly raised related to his underlying liability are

[*9] subject to de novo review; we will review all remaining issues under an abuse of discretion standard. Downing v. Commissioner, 118 T.C. 22 (2002) (applying both de novo and abuse of discretion standards to different issues in a section 6330(d) proceeding); Goza v. Commissioner, 114 T.C. at 181-182; see, e.g., O'Brien v. Commissioner, T.C. Memo. 2012-326, at *9; Blaga v. Commissioner, T.C. Memo. 2010-170, slip op. at 12; Hickey v. Commissioner, T.C. Memo. 2009-2, slip op. at 7-8.

I. Challenge to Validity of Assessment

Petitioner contends that the tax assessment underlying the 2012 liability is invalid because respondent did not mail him a valid notice of deficiency. Specifically, petitioner challenges the validity of the notice of deficiency on grounds that respondent failed to mail the notice to his last known address.

A collection action will not be sustained where the underlying liability is premised on an invalid assessment. Hoyle v. Commissioner, 131 T.C. 197, 205 (2008), supplemented by 136 T.C. 463 (2011); Freije v. Commissioner, 125 T.C. 14, 34-37 (2005). Generally, a Federal income tax deficiency may not be assessed unless the Commissioner first mails a notice of deficiency to the taxpayer's last known address. See secs. 6213(a), 6212(b)(1); Hoyle v. Commissioner, 131 T.C. at 200. Ordinarily, a taxpayer's last known address is the address on the most

[*10] recently filed and processed tax return unless the taxpayer provides the IRS with clear and concise notification of a different address. See sec. 301.6212-2(a), Proced. & Admin. Regs. Change of address information provided by the taxpayer to a third party does not constitute clear and concise notification of a different address (even if the third party files information returns with the IRS that reflect that change). Id. para. (b)(1); see, e.g., Blocker v. Commissioner, T.C. Memo. 2005-279, slip op. at 8. The only exception to this rule, inapplicable here, is where a taxpayer files a change of address with the USPS, and the USPS reports it to the IRS through the National Change of Address database. See sec. 301.6212-2(b)(2), Proced. & Admin. Regs.

If a notice of deficiency is mailed to a taxpayer's last known address and returned to the IRS as undeliverable, the notice of deficiency is not rendered invalid. See Gille v. United States, 33 F.3d 46, 48 (10th Cir. 1994); Armstrong v. Commissioner, 15 F.3d 970, 975 (10th Cir. 1994), aff'g T.C. Memo. 1992-328; Frieling v. Commissioner, 81 T.C. 42, 52 (1983). Nothing in the Code or the regulations "suggests that the IRS is obligated to take additional steps to effectuate delivery if the notice is returned." Armstrong v. Commissioner, 15 F.3d at 975-976 (quoting King v. Commissioner, 857 F.2d 676, 681 (1988), aff'g 88 T.C. 1042

**[\*11]** (1987)). Once the notice of deficiency is properly mailed, the Commissioner may assess the tax after waiting the appropriate time. Id.

Petitioner contends that the Bucyrus address where respondent mailed the notice of deficiency was not his last known address. But the Bucyrus address was petitioner's last known address as reflected in respondent's IDRS, and we find that it was the address shown on petitioner's last filed and processed tax return, filed in 1998 for taxable year 1997. See Abeles v. Commissioner, 91 T.C. 1019, 1034-1035 (1988).[9] Although petitioner insists he notified respondent of a different address via third-party information returns, change of address information provided to a third party does not constitute clear and concise notification of a different address by a taxpayer to the IRS, under either our caselaw or the subsequent regulations. See McCart v. Commissioner, T.C. Memo. 1992-3, 63 T.C.M. (CCH) 1704, 1705-1706 (1992), aff'd without published opinion, 981 F.2d 1247 (3d Cir. 1992); White v. Commissioner, T.C. Memo. 1990-528, 60 T.C.M. (CCH) 958, 960 (1990); sec. 301.6212-2(b)(1), Proced. & Admin. Regs.

---

[9]Because petitioner's 1997 return was filed before regulations were promulgated defining last known address, we look to our caselaw at the time. In Abeles v. Commissioner, 91 T.C. 1019, 1034-1035 (1988), we held a taxpayer's last known address is the address that appears on the taxpayer's most recently filed return.

**[\*12]** On the basis of the foregoing, we conclude that respondent mailed the notice of deficiency to petitioner's last known address.[10]  Consequently, respondent issued a valid notice of deficiency and properly assessed the 2012 tax liability.[11]

II.     Review of Determination To Sustain Levy

We now address whether the Appeals Office abused its discretion in sustaining the proposed levy.  In reviewing the determination we consider whether

---

[10]The doctrine of official regularity entitles a court to presume that a governmental entity, in exercising its official duties, followed applicable procedures absent clear evidence to the contrary.  United States v. Chem. Found., Inc., 272 U.S. 1, 14-15 (1926).  The doctrine of official regularity has been invoked to prove the act of mailing a notice of deficiency and the validity of a notice of deficiency.  See, e.g., United States v. Ahrens, 530 F.2d 781 (8th Cir. 1976) (invoking the doctrine of official regularity to prove the validity of a notice of deficiency when its existence is not disputed).  The Bucyrus address first appears in respondent's records in 1997.  If petitioner's 1997 tax return had listed any address other than the Bucyrus address, respondent would have updated petitioner's last known address when processing the return in 1998.  See Abeles v. Commissioner, 91 T.C. at 1034-1035.  Because respondent did not process any update to petitioner's last known address in 1998, we may presume, under the doctrine of official regularity, that petitioner's last filed return--his return for 1997 filed in 1998--showed the Bucyrus address.  Petitioner offered no credible evidence to rebut the presumption.

[11]We reject petitioner's testimony that he has never lived at the Bucyrus address.  First, we are under no obligation to accept uncorroborated and self-serving testimony.  See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  Second, petitioner testified that he never received mail at his residence, so his residential address is of limited probative value.

[*13] the Appeals Office: (1) properly verified that the requirements of any applicable law or administrative procedure had been met, (2) considered any relevant issues properly raised by petitioner, and (3) considered whether any proposed collection action balances the need for the efficient collection of taxes with the concern that any collection action be no more intrusive than necessary. Sec. 6330(c)(3).

Petitioner contends that the Appeals Office abused its discretion in denying his request for a face-to-face hearing. The regulations, however, provide that a section 6330 hearing "may, but is not required to, consist of a face-to-face meeting". Sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. And we have repeatedly held that neither the statute nor the regulations require a face-to-face hearing and that a hearing conducted by telephone, correspondence, or document review will suffice. See, e.g., Katz v. Commissioner, 115 T.C. 329, 337-338 (2000). The Appeals Office may refuse a face-to-face hearing when the taxpayer fails to file past due tax returns and/or provide financial information. See, e.g., Lindberg v. Commissioner, T.C. Memo. 2010-67, slip op. at 8; sec. 301.6330-1(d)(2), Q&A-D8, Proced. & Admin. Regs.

SO Chavez offered to consider petitioner's request for a face-to-face hearing if he filed his 2012 tax return. Petitioner failed to provide SO Chavez with the

[*14] required tax return for 2012. Consequently, we find no abuse of discretion in SO Chavez's refusal to grant petitioner a face-to-face hearing.

Petitioner contends that he timely filed the 2012 return and paid all or part of the tax shown on that return, but he offered no evidence, other than his unsupported testimony, to prove the contention. We are not required to accept self-serving testimony that is uncorroborated by persuasive evidence. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Because petitioner failed to submit any credible evidence in support of his contention, we find he failed to carry his burden of proving that the Appeals Office abused its discretion in finding that he failed to file a tax return for 2012.

As discussed above, SO Chavez duly verified that all legal and procedural requirements were met, including that respondent issued a valid notice of deficiency and made a timely assessment. Petitioner did not advance any argument that the collection action was more intrusive than necessary.

**[*15]** Because the Appeals Office did not abuse its discretion in sustaining the proposed levy, we sustain the determination to proceed with collection by levy. Any contentions we have not addressed are irrelevant, moot, or meritless.[12]

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[12]Petitioner purported to raise issues related to violations of the Taxpayer Bill of Rights, the IRM, and even the Constitution, among other authorities. It does not appear, however, that petitioner properly raised these issues and we do not address them.